ANTONIO SABATINELLI *vs.* THE TRAVELERS INSURANCE
COMPANY & others.[1]

Worcester.   December 5, 1975. — February 3, 1976.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN & WILKINS, JJ.

*Insurance*, Liability insurance.   *Practice, Civil*, Appeal.   *Massachusetts Rules of Appellate Procedure.   Appeals Court.*

Where the defendant, while sitting in his motor vehicle with the motor running, intentionally shot the plaintiff no substantial question of law was presented by the plaintiff's appeal from a determination that the injury was not caused by use of the vehicle so as to be covered by the defendant's motor vehicle liability insurance policy and that the injury was subject to an exclusion for intentionally caused bodily injury contained in a homeowner's insurance policy, issued to the defendant's parents, so that neither policy could be applied to compensate the plaintiff.   [676-677]

There was no constitutional, statutory, or other bar to adoption by the Appeals Court of Rule 1:28, providing that where no substantial question of law was presented by an appeal in a civil case, a panel of Justices could summarily affirm the action of the trial court without permitting oral argument.   [677-683]

BILL IN EQUITY filed in the Superior Court on July 11, 1973.

The suit was heard by *Cross*, J.

After review by the Appeals Court, the Supreme Judicial Court granted an application for leave to obtain further appellate review.

*Terence F. Riley* for the plaintiff.

*William C. O'Neil, Jr.* (*E. Earl Rugg, Jr.*, with him) for Safeguard Insurance Company.

*Eugene L. Rubin* for The Travelers Insurance Company.

---

[1] The other defendants are Safeguard Insurance Company and Daniel M. Butler.

*Charles Y. Wadsworth & Howard J. Alperin*, for Massachusetts Bar Association, amicus curiae, submitted a brief.

*Robert J. Muldoon, Jr.*, for the Boston Bar Association, amicus curiae, submitted a brief.

WILKINS, J. On October 8, 1975, the Appeals Court entered an order affirming the decrees of the Superior Court which dismissed the plaintiff's bill to reach and apply the obligations of the defendant insurers. Relying on its Rule 1:28, 3 Mass. App. Ct. 806 (1975), which is set forth in full in the margin,[2] the Appeals Court heard no oral argument, filed no written opinion, but simply entered an order stating, "Upon consideration of the record and briefs under the provisions of Rule 1:28 of this court, it is ordered that the following entry be made on the docket of the Superior Court in the above matter: *Decrees affirmed.*"

Although we had no doubt about the result reached by the Appeals Court, we granted the plaintiff's application for further appellate review and advanced the case for early argument, because we believed that, "for substantial reasons affecting the public interest" (G. L. c. 211A, § 11, inserted by St. 1972, c. 740, § 1), this court should consider the summary disposition procedure provided for in Appeals Court Rule 1:28.[3]

---

[2] "1:28 SUMMARY AFFIRMANCE. (*Applicable to civil cases.*)

"At any time following the filing of the appendix (or the filing of the original record) and the briefs of the parties on any appeal in accordance with the applicable provisions of Rules 14 (b), 18 and 19 of the Massachusetts Rules of Appellate Procedure, a panel of the justices of this court, acting on its own motion and without entertaining oral argument, may determine that no substantial question of law is presented by the appeal and may, by its written order, affirm the action of the court below. Any such order shall be subject to the provisions of Rules 27 and 27.1 of the Massachusetts Rules of Appellate Procedure."

[3] Rule 1:28, which was effective September 8, 1975, was adopted by the Appeals Court and approved by this court pursuant to G. L. c. 211A, § 13. The plaintiff argued briefly in his application for

On the day we granted further appellate review in this case, we requested briefs from the Massachusetts Bar Association and the Boston Bar Association on the propriety of the Appeals Court's dismissal of the appeal without oral argument. Each bar association has filed a brief asking this court to change or invalidate Rule 1:28, so that oral argument would be permitted on every appeal. Before turning to a consideration of Rule 1:28, we will discuss the substantive issues of the case.

## THE MERITS.

We agree with the Appeals Court's determination, implicit in its use of the procedures set forth in Rule 1:28, that "no substantial question of law is presented by the appeal." Rule 1:28. The plaintiff, who has an unsatisfied judgment in tort against the defendant Butler, seeks to reach Butler's interest under (a) a compulsory motor vehicle liability policy issued to Butler by the defendant The Travelers Insurance Company (Travelers) and (b) the personal liability coverage appearing in a homeowner's policy issued by the defendant Safeguard Insurance Company (Safeguard) to Butler's parents, under which Butler is an "insured."

The circumstances in which the plaintiff was injured appear in *Sabatinelli v. Butler,* 363 Mass. 565 (1973). These facts are also set forth in the statement of agreed facts on which this case was tried. The defendant, while seated in his automobile with the motor running, intentionally shot the plaintiff, without provocation or cause, as the plaintiff was walking along a street. In our earlier opinion, we held there was no evidence to warrant sub-

---

further appellate review that it was improper for the Appeals Court to dispose of the appeal without oral argument. None of the briefs or oral arguments presented by the parties in this court addressed the question of the propriety of Rule 1:28.

mitting the case to the jury on the question whether Butler's conduct was negligent and said that a jury verdict on another count indicated that Butler shot the plaintiff deliberately and intentionally. *Id.* at 567.

Travelers argues that there was no coverage of which the plaintiff may take advantage under Butler's motor vehicle liability policy because the plaintiff's injury was not "caused by the ownership, operation, maintenance, control or use of the insured motor vehicle." The plaintiff's argument seems to be that his injury was caused by the *use* of the motor vehicle. The facts show that the conduct which caused the injury was unrelated to the use of the insured vehicle. There must be a causal relationship between the use and the injury. See *Perry* v. *Chipouras,* 319 Mass. 473, 475 (1946), and cases cited.

Safeguard relies on a provision in its policy which excludes coverage for "bodily injury . . . caused intentionally by . . . the Insured." Butler caused the plaintiff's injury intentionally. Therefore, the Safeguard policy provides no coverage of Butler's liability to the plaintiff.

## Rule 1:28.

There was no constitutional, statutory, or other bar to the adoption of Rule 1:28.

There is no general constitutional right to have appellate oral argument. See *FCC* v. *WJR,* 337 U.S. 265 (1949); *Price* v. *Johnston,* 334 U.S. 266, 286 (1948); *George W. Bennett Bryson, Ltd.* v. *Norton Lilly & Co.,* 502 F.2d 1045, 1050 (5th Cir. 1974); *NLRB* v. *Local 42, Heat & Frost Insulators & Asbestos Workers,* 476 F.2d 275 (3d Cir. 1973); *In re Amendment of Rule 3,* 440 F.2d 847, 849 (9th Cir. 1970); *Meadows* v. *Cohen,* 409 F.2d 750 (5th Cir. 1969); *Groendyke Transp., Inc.* v. *Davis,* 406 F.2d 1158, 1162-1163 (5th Cir.), cert. denied, 394 U.S. 1012 (1969); *Magnesium Casting Co.* v. *Hoban,*

401 F.2d 516, 518 (1st Cir. 1968), cert. denied, 393 U.S. 1065 (1969). In *Wall* v. *Old Colony Trust Co.*, 177 Mass. 275, 277 (1901), this court considered a claim that a losing party before this court had been "deprived of her constitutional rights by the participation in the decision of justices who heard the case only upon the printed record and the printed briefs of counsel." The court did not have to decide whether oral argument could be dispensed with in its entirety. However, the opinion states, "We should hesitate to say that there is anything in the constitution, either of this State or of the United States, which expressly or impliedly prevents a court of last resort from prescribing absolutely by rule, that arguments upon questions of law, brought from an inferior tribunal, shall be presented only in writing or in print. Under such a rule it is hard to see how a party who has such a brief as is usually prepared would leave unpresented anything of importance to his case, or would lack anything that an oral argument could give, unless it might be his attorney's persuasiveness of manner to add force to his words."

General Laws c. 211A, § 13, inserted by St. 1972, c. 740, § 1, authorizes the adoption of Rule 1:28, and we need not pause to consider whether such a rule would be authorized in any event under the independent constitutional power of the courts. Section 13 provides in part: "The appeals court shall, subject to the approval of the supreme judicial court, adopt rules regulating practices, procedures and internal administration of the appeals court."[4] Rule 1:28 concerns the "practices" and "procedures" of the Appeals Court.

Rule 22 (b) of the Massachusetts Rules of Appellate Procedure, 365 Mass. 870 (1974), deals with the subject

---

[4] The form of the order entered by the Appeals Court meets the statutory provision that "[t]he court may, in appropriate cases, enter a proper order, direction, judgment or decree for the further disposition of a case without stating the reasons therefor . . . ." G. L. c. 211A, § 9, inserted by St. 1972, c. 740, § 1.

of oral argument and indicates that "[u]nless otherwise enlarged or limited by the appellate court," each side will be allowed thirty minutes for argument. We need not dwell on the question whether the word "limited" encompasses a total prohibition, as it does in the context of a statute of limitations, because Rule 1:28 has an independent existence. It was adopted subsequent to the adoption of the Massachusetts Rules of Appellate Procedure, was approved by this court, and deals with a specific problem in a particular court. The later, specific provisions of Rule 1:28 must be interpreted as prevailing over any inconsistent earlier, general language in Massachusetts Rules of Appellate Procedure, Rule 22 (b).

Before turning to a discussion of the larger question whether oral argument should be available as matter of right in all cases in the Appeals Court, it is important to note that action of the Appeals Court under Rule 1:28 does not conclude a case. The losing party is entitled to request further appellate review by this court. G. L. c. 211A, § 11. Further review, with an opportunity for oral argument, may be granted by three Justices of this court "for substantial reasons affecting the public interest or the interests of justice." G. L. c. 211A, § 11. In addition, we note that under Rule 1:28 the Appeals Court only may affirm the action of the trial court and that Rule 1:28 does not apply to an appeal in a criminal proceeding. This means that Rule 1:28 can be applied only when both the trial court and the Appeals Court are in full agreement concerning the judgment to be entered in a civil case.

The bar associations argue that Rule 1:28 should be annulled or changed so as to permit oral argument before a summary affirmance of the trial court's action. Assuming that, under its power to approve rules or under its general powers, this court could annul or modify a rule of a lower court, and recognizing that we should give no weight to our prior approval of a court rule when

presented with a challenge to that rule, nevertheless we decline to direct any change in Rule 1:28.

Oral argument is an important part of the litigation of a case. It has been so regarded by numerous informed commentators.[5] It permits the appellate advocate to present his client's case in a manner which often can be more persuasive, more incisive, and more effective than an appellate brief. Oral argument allows the advocate to deal immediately with questions and problems which are important to one or more of the Justices who hear the argument. Oral argument grants an opportunity for an attorney to summarize the issues which are before the court and why they should be decided in favor of his client. Often in appellate argument an opponent is forced to deal with an issue with which he has been unwilling or unable to contend in his brief.[6]

The time necessary to present an effective appellate argument need not be extensive. Except in a few sub-

---

[5] See K. Llewellyn, The Common Law Tradition 240 (1960); Harlan, What Part Does the Oral Argument Play in the Conduct of an Appeal? 41 Cornell L.Q. 6, 6-7 (1955); Jackson, Advocacy Before the Supreme Court: Suggestions for Effective Case Presentations, 37 A.B.A.J. 801 (1951); Kenison, Some Aspects of Appellate Arguments, 1 N.H.B.J. 5, 6 (1959); Kester, Tailoring Appellate Arguments, 43 Ore. L. Rev. 135 (1964); Knapp, Why Argue an Appeal? If so, How? 14 Record of N.Y.C.B.A. 415 (1959); Wiener, The Supreme Court's New Rules, 68 Harv. L. Rev. 20, 77 (1954); Wilkins, The Argument of an Appeal, 33 Cornell L.Q. 40 (1947).

[6] If an appellant's counsel knows that he may have to stand before a court to defend a frivolous argument, he may advise against the appeal. Thus the "threat" of having to argue an appeal orally may have a deterrent effect on the entry of needless appeals. See Vanderbilt, A Unified Court System, 9 F.R.D. 635, 639 (1950). This court has always reserved the right to require counsel to argue orally in those relatively few cases which are submitted on brief.

The Supreme Court of the United States, which, of course, can determine those appeals which will reach it and thus assure that none is frivolous, has adopted a rule expressing disapproval of the submission of cases on brief and advising that, notwithstanding such submission, oral argument may be required. Supreme Court R. 45 (1). See F. Wiener, Briefing and Arguing Federal Appeals 278-279 (1967).

stantial cases with a variety of issues or complicated facts, we believe that an argument of fifteen minutes can be as helpful as one of greater length. Indeed the limit of fifteen minutes for argument by each side which this court has recently been applying in most cases tends to result in greater organization and preparation of oral arguments than existed under our former practice of allowing thirty minutes to each side for its argument.

When all this is said, however, the fact remains that there are some appeals which cannot be assisted by the most eloquent and well organized appellate argument. If from the record and briefs no conceivably viable appellate issue is apparent to a panel of Justices of an appellate court, there is no reason to permit oral argument. The time of the court and counsel should be devoted to more fruitful pursuits.[7]

If there were a dearth of appellate court business in the Commonwealth, perhaps the opportunity for oral argument could be extended to all parties, however insubstantial the appeal. The fact is, however, that Rule 1:28 is an obvious response to a major increase in the number of appeals being taken from the trial courts of this Commonwealth. In the year ended June 30, 1974, there were 439 appeals docketed in the Appeals Court. One year later, for the year ended June 30, 1975, there were 876 appeals docketed in that court. To some degree, the number of appeals entered after the Massachusetts Rules of Appellate Procedure became effective on July 1, 1974, reflect a change in procedure and are not a true measure of the change in the number of appeals which will be perfected to the point of the filing of appellants' briefs.

---

[7] The argument of the case now before this court demonstrates that oral argument in certain cases may serve no significant purpose. The appellant's case was as well presented as it could have been. However, the case involves the simple question of the meaning of the clear language of two insurance policies. The oral argument served only to dramatize that the uselessness of oral argument can be predicted from a reading of the briefs and records.

There is, however, no question that in one year the burden on the Appeals Court has increased markedly.[8]

One bar association brief concedes that "the workload of the Appeals Court is burdensome and that some appeals brought there are frivolous." If the frivolous or insubstantial appeal can be isolated and treated summarily, judicial manpower can be devoted to more substantial matters.[9] Rule 1:28 may not be the best way to achieve a desirable allocation of appellate judicial effort.

---

[8] Net figures which reflect the transfer of appeals to this court (by the allowance of applications for direct review, by transfer to this court on its own motion, or by report by the Appeals Court) are equally persuasive. For the year ended June 30, 1974, we received 154 cases which were entered first in the Appeals Court. During the year ended June 30, 1975, we received 166 appeals which were entered first in the Appeals Court. This left the net entries in the Appeals Court at 285 for the year ended June 30, 1974, and at 710 for the year ended June 30, 1975. In these same years, there was an increase in the number of appeals entered in this court, including those transferred from the Appeals Court, from 266 during the year ended June 30, 1974, to 327 for the year ended June 30, 1975.

[9] The Court of Appeals for the Ninth Circuit has adopted a screening procedure designed to eliminate oral argument in cases where oral argument would not be of assistance to that court, in order to "provide time for more deliberate consideration of the many appeals of great complexity which are now coming to . . . [that] court." *In re Amendment of Rule 3*, 440 F.2d 847, 850 (9th Cir. 1970). Procedures which may result in the elimination of oral argument on appeal are found also in the Rules of the Court of Appeals for the District of Columbia (Rule 11 [e]), and in the Rules of the Courts of Appeals for the First (Rule 12), Third (Rule 12 [6]), Fourth (Rule 7), Sixth (Rules 8 and 9), Seventh (Rule 22), Eighth (Rules 6 and 9) and Tenth (Rule 8) Circuits.

The Court of Appeals for the Fifth Circuit has a rule (Rule 20) providing for summary dismissal of any appeal which is "frivolous and entirely without merit" and another rule (Rule 18) concerning the disposition of an appeal without oral argument where the "case is of such character as not to justify oral argument." *Meadows v. Cohen*, 409 F.2d 750, 753-754 (5th Cir. 1969). That court has said that the rule dispensing with oral argument should be applied where "there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc.* v. *Davis*, 406 F.2d 1158, 1162 (5th Cir.), cert. denied, 394 U.S. 1012 (1969).

Certainly it should be used only to dispose of insubstantial appeals and not just as a means of disposing of appeals. Experience may reveal that the operation of Rule 1:28 is more time consuming than the process of hearing oral argument in insubstantial appeals. See Carrington, Crowded Dockets and the Courts of Appeals: The Threat to the Function of Review and the National Law, 82 Harv. L. Rev. 542, 571 (1969). We think, however, that the application of Rule 1:28 to this appeal was appropriate.

*Judgments of the Superior Court affirmed.*