SIDNEY M. SCHWARTZ & another *vs.* ALAN S. BRESSLER & another. March 15, 1977. Following the allowance of three successive motions, which gave them approximately four months in which to file their brief on appeal from a judgment of the Superior Court, the plaintiffs' (appellants') fourth motion for an enlargement of time was denied by a single justice of this court. Following reconsideration, that order was affirmed. A panel of the Justices of this court then allowed the appellees' motion to dismiss the appeal and an order was entered to that effect. The appellants had filed a detailed response in opposition to the motion to dismiss but made no request to argue orally. They now seek to appeal to this court from the dismissal of their appeal by the panel. 1. Quite obviously, the order of the panel was an order of the court (G. L. c. 211A, § 3, inserted by St. 1972, c. 740, § 1), and there is no jurisdictional basis for a further appeal to this court. We note that the appellants, following the dismissal of their appeal, elected not to pursue either of the remedies remaining to them, viz., a petition for rehearing pursuant to Mass.R.A.P. 27, (365 Mass. 874 (1974),) or an application to the Supreme Judicial Court for further appellate review under Mass.R.A.P. Rule 27.1, as amended February 24, 1975, 367 Mass. 922. See G. L. c. 211A, § 11, inserted by St. 1972, c. 740, § 1. 2. There is no substance to the appellants' assertion of denial of due

process in the dismissal of their appeal without being granted an opportunity for oral argument. Not only did they not request such an opportunity (see *Tisei* v. *Building Inspector of Marlborough*, 3 Mass. App. Ct. 377, 379-380 [1975]), but they were not, in the circumstances, entitled to such an opportunity at the appellate level as a matter of right. See and compare *Sabatinelli* v. *Travelers Ins. Co.* 369 Mass. 674, 677, 681 (1976).

*Appeal dismissed.*

*Robert G. Cohen* for the plaintiffs.
*Malcolm D. Finks* (*Richard P. Tritter* with him) for the defendants.