Donohue, J.
The plaintiff, David Rischitelli, brought this action against the defendant, Safety Insurance Company, for injuries he sustained when he was assaulted by another driver following an automobile accident on September 20, 1992. In particular, the plaintiff seeks a declaration of this court concerning the scope of coverage afforded by an insurance policy issued by the defendant, damages for breach of contract, and damages for violations of G.L.c. 93A and G.L.c. 176D. Pursuant to Mass.R.Civ.P. 56, the plaintiff and the defendant now move for summary judgment. For the reasons set forth below, the defendant’s motion for summary judgment is allowed and the plaintiffs cross-motion for summary judgment is denied.
BACKGROUND
The summary judgment record indicates the following: On September 20, 1992, at approximately 7 p.m., the plaintiff, while operating a car owned by his mother, Julia Burkhardt, collided with another car. The accident occurred on a single lane “on-ramp” to an expressway. After the accident, the plaintiff drove his car to the side of the “on-ramp” and brought it to a stop. Neither he nor his mother, who was a passenger in the car, were injured in the collision.
The driver of the other car stopped his car behind the plaintiffs car, and he then approached the plaintiffs side of the car. After asking the plaintiff if he had a problem with the way he drove, the driver of the other car punched the plaintiff in the face. The plaintiff got out of his car, while the other driver continued punching and kicking him. Before the plaintiff could identify the assailant or the assailant’s car, the assailant returned to his car and left the scene.
With his mother’s help, the plaintiff got back into his car and drove home. Injuries to his jaw limited the plaintiffs ability to open his mouth to eat or talk. The following morning, September 21, 1992, the plaintiff went to the emergency room at the University of Massachusetts Medical Center. After examining the plaintiffs injuries, an emergency room doctor recommended that the plaintiff see a plastic surgeon. Two days later, on September 23, 1992, a plastic surgeon examined the plaintiff and scheduled surgery for the next day. Following his surgery on September 24, 1992, the plaintiff was confined to a bed in his home until September 29, 1992. The plaintiff notified the defendant of the accident on September 30, 1992.
*640 The defendant insured Burkhardt’s car. The policy provided coverage limits of $8,000 for personal injury protection (“PIP”), $5,000 for medical payments, and $50,000 for uninsured motorist. Additionally, the policy states that “(bjecause this is an auto policy, it only covers accidents and losses which result from the ownership, maintenance or use of autos.” The policy defines an “accident” as “an unexpected, unintended event that caused bodily injury or property damage arising out of the ownership, maintenance or use of an auto.” Finally, the policy provided that “(w]ithin 24 hours, notify both the police and us if . . . you have been involved in a hit and run accident.”
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.R. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue,"and [further,] that the moving party is entitled to judgment as a matter of law." Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
I. The Declaratory Judgment
Construing the language of an insurance contract is a question of law for the court to decide. Thattil v. Dominican Sisters of Charity of the Presentation of the Blessed Virgin, Inc., 415 Mass. 381, 385 n.6 (1993), citing Cody v. Connecticut General Life Ins. Co., 387 Mass. 142, 146 (1982). Therefore, a declaratory judgment in an action provides an appropriate means of deciding a dispute concerning the meaning of language in an insurance policy. Lumbermens Mutual Casualty Co. v. Belleville Industries, Inc., 407 Mass. 675, 685 (1990).
The plaintiff contends that the policy should be interpreted to provide first-party coverage for the plaintiffs injuries.[1] A necessary prerequisite to such coverage is the finding of an “accident.” The policy defined an “accident” as “an unexpected, unintended event that caused bodily injury or property damage arising out of the ownership, maintenance or use of an auto.”
Here, the plaintiffs injuries were not a result of the actual collision between the two automobiles. Rather, his injuries occurred after both cars had come to a stop on the shoulder of the highway. Whether injuries stemming from one driver’s assault and battery of another driver — immediately following the collision of their respective automobiles — constitute injuries “arising out of the ownership, maintenance or use of an auto,” presents an issue not directly addressed by Massachusetts caselaw.[2]
The plaintiff contends that “accident” should be broadly construed to cover the facts of this case. This Court disagrees. This case involves a standard Massachusetts automobile insurance policy. As such, the policy’s language is controlled by the Commissioner of Insurance — not the defendant. Typical rules of construction, therefore, do not apply. Royal-Globe Ins. Co. v. Craven, 411 Mass. 629, 633 n.6 (1992). In the context of the subject matter at issue, the policy’s language must be interpreted according to the fair meaning of the language used. Gordon v. Safety Ins. Co., 417 Mass. 687, 689 (1994). This Court concludes that the plaintiffs injuries were not the result of an “accident” as defined by the insurance policy. Rather, the plaintiffs injuries resulted from the use of the assailant’s fists in a fist fight. The “accident” ended when the two cars came to a stop on the shoulder of the highway.
II. The 24-Hour Notice Provision
Assuming arguendo that the policy did provide coverage for the plaintiffs injuries, the plaintiffs claims would still fail. “What constitutes timely notice under [an] insurance policy is a matter of contract interpretation and is therefore ‘a matter of law for the court.’ ”[3] Royal-Globe Ins. Co. v. Craven, supra, at 632, quoting Monadnock Display Fireworks, Inc. v. Andover, 388 Mass. 153, 157 (1983). Unless the plaintiff suffered from a disability,[4] the plaintiff was required to notify the defendant of the hit-and-run accident within twenty-four hours of its occurrence. Royal-Globe Ins. Co. v. Craven, supra, at 633. For the purposes of Mass.R.Civ.P. 56, the plaintiff bears the burden of proof on the issue of notice. Royal-Globe Ins. Co. v. Craven, supra, at 634.
The insurance policy at issue in this case provided that notice should have been given to the defendant within twenty-four hours of the hit-and-run accident. The plaintiff, however, contends that he was physically incapable of speaking. His inability to speak, the plaintiff asserts, constituted a disability excusing his compliance with the twenty-four hour notice provision. See Royal-Globe Ins. Co. v. Craven, supra. Accordingly, the plaintiff concludes, he was only required to give prompt notice.
Except for the one paragraph of his affidavit which states that his jaw was so painful that he had “extreme difficulty” opening his mouth to eat or talk, there are no facts supporting his contention that he was physically incapable of speaking. There are no affidavits or deposition testimony corroborating the plaintiffs claim that he has unable to speak. In fact, many of the documents submitted in support of the plaintiffs opposition and his cross motion for summary judgment are replete with references to the plaintiffs statements to the medical staff at the University of Massachusetts Medical Center in the days following *641 the accident. After reviewing the record in this case, this Court is not persuaded that the plaintiff was physically unable to contact the defendant within twenty-four hours of the accident.
Moreover, the plaintiffs physical condition is factually distinguishable from the injured person’s physical condition in Royal-Globe Ins. Co. v. Craven, supra. In Craven, the injured person was excused from giving twenty-four hour notice only because she was in the intensive care unit of the hospital for several days and remained hospitalized for twenty-three days after the accident. Id. at 631. Here, however, the plaintiffs condition was not as serious. The plaintiff drove himself home after the accident and presumably to the emergency room the next day. After being examined by emergency room physicians, he was released. Two days passed before he met with the plastic surgeon. Following his surgery the next day, the plaintiff was immediately sent home to recover.
The facts simply do not show that the plaintiffs physical injuries were so severe that his failure to notify the defendant within twenty-four hours was reasonable. The burden of proof on the issue of notice rests with the plaintiff. Accordingly, even if the plaintiffs injuries were covered by the insurance policy, the plaintiffs failure to give the notice required by the policy bars the plaintiffs claims for breach of contract, and violations of G.L.c. 176D and G.L.c. 93A.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment be ALLOWED. It is further ORDERED that the plaintiffs cross motion for summary judgment be DENIED. A final judgment is to enter in this case declaring that the defendant, Safety Insurance Company, is not obligated to pay any benefits to the plaintiff, David H. Rischitelli, because his injuries did not arise out of an accident as required by policy number 840604.

This Court urges the plaintiffs counsel to review the requirements of Superior Court Rule 9A(4) concerning the form of motions and memoranda. A twenty-three paged, single-spaced brief, printed in a fourteen-dot-per-inch font violates rule 9A(4). Violations of rule 9A(4) are sanctionable. Superior Court Rule 9A(5).

A number of Massachusetts cases have addressed the issue of what constitutes an “accident” or an injury arising out of the “use” of an automobile. None of these cases, however, are directly on point with the facts of this case. See Roe v. Lawn, 418 Mass. 66 (1994) (holding that where a passenger on a bus was sexually assaulted by the bus driver, the common carrier’s implied promise of safe passage was sufficient to establish a caused connection between the motor vehicle use and the injury constituting an “accident”); Liberty Mutual Ins. Co. v. Agrippino, 375 Mass. 108, 115 (1978) (finding insufficient causal connection between plaintiffs injuries and “use” of the automobile); Sabatinelli v. Travelers Ins. Co., 369 Mass. 674, 677 (1976) (finding insufficient causal connection between plaintiffs injuries and the “use” of the automobile where the plaintiff was shot by the insured while the insured sat in his car); Travelers Ins. Co. v. Safeguard. Ins. Co., 346 Mass. 622, 624 (1964) (closing of car door on injured person’s hand was too remote to constitute injury arising out of the “use” of the automobile); Wheeler v. O'Connell 297 Mass. 549 (1937) (addressing scenario where car was the instrumentality causing the injuries); Cannon v. Commerce Ins. Co., 18 Mass.App.Ct. 984 (1984) (car was the instrumentality causing the injury); Rosebrooks v. National Generallns. Co., 13 Mass.App.Ct. 1049, 1050(1982) (holding that injuries suffered when the plaintiff slipped on a patch of ice near the rear of the car were too remote to constitute injuries arising out of the “use” of the automobile).

For the purpose of resolving these motions, this Court assumes without deciding that the plaintiffs injuries occurred as a result of the accident.

If the twenty-four hour notice is excused by a disability, the policy still requires that the plaintiff promptly notify the defendant. See Royal-Globe Ins. Co. v. Craven, supra, at 633 (interpreting an identical policy provision).