White, J.
Plaintiffs Phyllis Assetta (“Mrs. Assetta”) and John Assetta, Jr. (“Mr. Assetta”) bring this action against defendant Safety Insurance Company (“Safety”), seeking underinsured motorist benefits as a result of an incident which took place on July 13, 1993. Safety moves for summary judgment pursuant to Mass.R.Civ.P. 56, arguing that the injuries received by Mrs. Assetta on that day did not arise out of the ownership, maintenance or use of an automobile as required by the policy issued to Mr. Assetta.
BACKGROUND
The following facts are not disputed for the purpose of this motion. On or about July 13,1993, Mrs. Assetta walked with her dog along the sidewalk in Malden. A nearby car made a U-turn and accelerated within five feet of Mrs. Assetta. The driver, Patrick Richardson (“Richardson”), discarded a beer bottle from the car window. The bottle travelled horizontally and struck Mrs. Assetta in the face, causing her to sustain severe facial lacerations and trauma. Mrs. Assetta’s face has been extensively and permanently scarred as a result of the incident.
The vehicle driven by Richardson was owned by John T. Verdone (“Verdone”) and insured by Commerce Mutual Insurance Company (“Commerce”). The Assettas settled their claims against Richardson, Ver-done and Commerce for the policy limit of $15,000. The Assettas’ automobile insurance company, Safety, provided its assent to that settlement.
Because the Assettas’ damages exceeded the Commerce policy limit of $15,000, they submitted a claim *569 for underinsured motorist benefits with Safety. The Assettas’ policy with Safety provides underinsured motorist coverage of $250,000 per person. The policy provides, in pertinent part, “Safety will pay damages for bodily injury to people injured or killed as a result of certain accidents caused by someone who does not have enough insurance.” The term “accident” is defined by the policy as “an unexpected unintended event that causes bodily injury or property damage arising out of the ownership, maintenance or use of an automobile.” On or about August 8, 1994, Safely disclaimed underinsured motorist coverage for Mrs. Assetta’s injuries, claiming that they did not arise out of the use of an automobile.
DISCUSSION
Summary judgment is appropriate when, as here, there are no disputed issues of material fact and the moving party is entitled to prevail as a matter of law. Mass.R.Civ.P. 56(c); Kowouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
Safety argues that Richardson’s act of discarding a beer bottle from the window of the car he was driving was not an event which arose out of the use of an automobile. Massachusetts cases have not yet addressed the issue of whether such an incident would be covered by an underinsured motorist policy.
Safety analogizes to Sabatinelli v. Travelers Ins. Co., 369 Mass. 674 (1976), and Rischitelli v. Safety Ins. Co., Worcester Superior Court Civil Action No. 93-2733, 3 Mass. L. Rptr. 639 (Donohue J.) (March 21, 1995). However, in these two cases, injuries were caused by a deliberate act of an individual after the vehicles had come to a halt. In Sabatinelli the plaintiff was shot by someone seated in a parked automobile. In Rischitelli the plaintiff was beaten by the driver of another automobile after a collision occurred.
This case is more analogous to cases in other jurisdictions which have found that injury caused by an object discarded from a moving automobile arises out of the use of that automobile. See e.g., National American Ins. Co. v. Ins. Co. of North America, 74 Cal.App.3d 565 (1st Dist. 1977) (loss of an eye caused by egg discarded from a moving vehicle covered); Valdes v. Smalley, 303 So.2d 342 (Fla.App. 1974), cert. dismissed, 341 So.2d 975 (death caused by beer mug discarded from a moving vehicle covered); Westchester Fire Ins. Co. v. Continental Ins. Cos., 126 N.J.Super. 29, aff'd without op., 65 N.J. 152 (1973) (injury caused by stick discarded from a moving vehicle covered); Wyoming Farm Bureau Mut. Ins. Co. v. State Farm Mut. Auto Ins. Co., 467 F.2d 990, 995 (1972) (injury caused by vodka bottle discarded from a motor vehicle covered). In another analogous case, Gov’t Employees Ins. Co. v. Melton, 357 F.Supp. 416, 419 (D.S.C. 1972), the court found that injury caused by a bottle discarded by a passenger of a moving vehicle was not covered, but stated, “If the facts revealed any actionable negligence on the part of the driver of the . . . vehicle this court would take a different view.”
In this case, the driver of a moving vehicle discarded a beer bottle from the window of the car. That beer bottle, unlike a shot fired from a gun, may have caused no damage if discarded in a similar fashion by a pedestrian or a person seated in a stopped car. The movement of the car could have affected the trajectory and speed of the bottle as it flew through the air and struck Mrs. Assetta. The words “arising out of the operation of a motor vehicle” have been interpreted “broadly and inclusively rather than narrowly and exclusively.” Diggins v. Theroux, 314 Mass. 735, 736 (1943). Because this court is persuaded that the injuries suffered- by Mrs. Assetta may have arisen out of the use of an automobile, Safety’s Motion for Summary Judgment is DENIED.
ORDER
For the foregoing reasons, it is ORDERED that Safety’s Motion for Summary Judgment be and hereby is DENIED.