DAVID H. RISCHITELLI *vs.* SAFETY INSURANCE COMPANY.

Worcester. September 4, 1996. - November 8, 1996.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Insurance,* Motor vehicle insurance, Coverage, Uninsured motorist. *Motor Vehicle,* Insurance. *Words,* "Arising out of."

The driver of a motor vehicle, who was involved in an accident with a second vehicle and was then attacked and injured by the unidentified driver of the second vehicle, did not sustain an injury "arising out of the ownership, maintenance or use of an auto" within the meaning of the standard automobile insurance policy so as to make available underinsured motorist, medical payments, and personal injury protection benefits, where the battering of the plaintiff arose from the intentional wrongdoing of the other driver and not from the use of an automobile. [704-707]

CIVIL ACTION commenced in the Superior Court Department on November 15, 1993.

The case was heard by *James P. Donohue,* J., on motions for summary judgment.

The Supreme Judicial Court granted an application for direct appellate review.

*Joseph S. Samra, Jr.,* for the plaintiff.

*Alice Olsen Mann (Karyn T. Hicks* with her) for the defendant.

WILKINS, C.J. The plaintiff sustained personal injuries when, following a motor vehicle accident between his mother's motor vehicle, which he was driving, and another vehicle, the driver of the other vehicle left that vehicle and physically attacked the plaintiff. The other driver, who gives new meaning to the expression "hit and run," left the scene without identifying himself and has never been located. As an insured under his mother's standard Massachusetts automobile insurance policy issued by the defendant (Safety), the plaintiff seeks to recover uninsured motorist, medical payments, and personal injury protection (PIP) benefits.

On cross motions for summary judgment, a judge in the Superior Court allowed Safety's motion and denied the plaintiff's motion, declaring that Safety was not obligated to pay any benefits "because his injuries did not arise out of an accident" as defined in Safety's policy. We allowed the plaintiff's application for direct appellate review and now affirm the judgment.

Because we conclude that coverage was not available for the injuries sustained, we need not reach the question whether, in the circumstances, failure to fulfil the requirement of notice to the insurer within twenty-four hours of a hit-and-run accident bars the plaintiff's claims. Moreover, the plaintiff's claim of a violation of G. L. c. 176D (1994 ed.) and G. L. c. 93A (1994 ed.) lacks merit, particularly in light of our conclusion on the coverage issue. Safety was entitled to decline coverage when there was a reasonably debatable question of policy interpretation. See *Boston Symphony Orchestra, Inc.* v. *Commercial Union Ins. Co.*, 406 Mass. 7, 15 (1989).

The sole issue that we need consider is whether there was an accident or a loss (i.e., injuries) arising from the use of an automobile. The policy states that it affords coverage only for "accidents and losses which result from the ownership, maintenance or use of autos." Each coverage under which the plaintiff makes a claim is triggered only if an accident occurred. In turn, the policy defines an accident as an "event that causes bodily injury . . . arising out of the ownership, maintenance or use of an auto."

Our cases have not defined those circumstances in which an injury is one arising out of the use of an automobile. The expression "arising out of" indicates a wider range of causation than the concept of proximate causation in tort law. See 1 K.C. Miller, Automobile Accident Law and Practice § 1.03 [6] [a], at 1-43 (1996). Cf. *Blair* v. *Boston Elevated Ry.*, 310 Mass. 1, 4 (1941); *New England Mut. Life Ins. Co.* v. *Liberty Mut. Ins. Co.*, 40 Mass. App. Ct. 722, 724 (1996). However, the expression does not refer to all circumstances in which the injury would not have occurred "but for" the involvement of a motor vehicle. See *Perry* v. *Chipouras*, 319 Mass. 473, 474-475 (1946) (no liability coverage when plaintiff tripped on rope that fell off truck). In *Sabatinelli* v. *Travelers Ins. Co.*, 369 Mass. 674, 677 (1976), this court held that a plaintiff's injury was not related to the use of a vehicle, and

hence no coverage was available, when the insured, while seated in his automobile, shot the plaintiff without provocation. See *Liberty Mut. Ins. Co.* v. *Agrippino*, 375 Mass. 108, 114-115 (1978) (causal connection, not too casual and remote, must exist between use of automobile and accident); *Travelers Ins. Co.* v. *Safeguard Ins. Co.*, 346 Mass. 622, 624 (1964) (loading groceries into automobile was not use of motor vehicle for coverage purposes). On the other hand, this court has held, in line with authority elsewhere, that the sexual assault of a school bus passenger by the bus driver, involved an injury arising from use of a motor vehicle. *Roe* v. *Lawn*, 418 Mass. 66, 68-70 (1994).

Differing approaches to policy interpretation and variations in policy language often make difficult the importation of coverage decisions made elsewhere concerning essentially the same facts. The weight of authority is, however, that there is no motor vehicle coverage available for injuries sustained, when following the impact of two vehicles, one irate driver attacks another. See, e.g., *Hamidian* v. *State Farm Fire & Casualty Co.*, 251 Kan. 254, 262 (1992); *Mangum* v. *Weigel*, 393 So. 2d 871, 873 (La. Ct. App. 1981); *Foss* v. *Cignarella*, 196 N.J. Super. 378, 384 (1984) (holding no coverage for stabbing injuries when one driver stabbed another after being "bumped" subsequent to pulling over after first driver sideswiped other's vehicle); *Cummings* v. *State Farm Mut. Auto. Ins. Co.*, 408 Pa. Super. 381, 386 (1991) (holding no coverage where driver who backed car into unoccupied, parked vehicle, was attacked by owner of parked vehicle when driver left his vehicle to inspect damage); 12 G. Couch, Insurance Law § 45:78, at 319 (rev. 2d ed. 1981) ("When the insured, through irritation or anger, strikes and injures another person, it has been held that such injury does not arise from the use of the insured automobile"); 1 I.E. Schermer, Automobile Liability Insurance § 7.02 [2], at 7-19 (3d ed. 1995) ("When injuries have been sustained as a result of altercations between drivers, the courts have generally refused coverage. The holdings have reasoned that the violence was an independent intervening act which broke the chain of causation between the operation of the vehicles and the injuries or that the violence was merely incidental to the use of the vehicles"). Contra, e.g., *General Accident Ins. Co.* v. *Olivier*, 574 A.2d 1240, 1242 (R.I. 1990) (allowing coverage

for person talking to police regarding accident when shot by driver of car which had previously collided with car in which she had been a passenger). There are courts that have extended the concept of the use of an automobile well beyond the limits this court has set. See, e.g., *Government Employees Ins. Co.* v. *Novak*, 453 So. 2d 1116, 1119 (Fla. 1984) (four-to-three decision) (allowing PIP coverage where insured had been shot after refusing to give ride to stranger-pedestrian); *Ganiron* v. *Hawaii Ins. Guar. Ass'n*, 69 Haw. 432, 435 (1987) (three-to-two decision) (allowing coverage for injuries to driver caused by gunshot from other unknown vehicle); *Continental W. Ins. Co.* v. *Klug*, 415 N.W.2d 876 (Minn. 1987) (allowing coverage where one driver shot at another driver as they were driving down highway); *Lindstrom* v. *Hanover Ins. Co.*, 138 N.J. 242, 253 (1994) (four-to-three decision) (allowing PIP coverage for drive-by shooting injury).

One would be inclined to define uninsured motorist coverage as extending only as far as the bodily injury coverage that would have been available if the wrongdoer had had insurance coverage. See *Cerullo* v. *Allstate Ins. Co.*, 236 N.J. Super. 372, 377-378 (1989); 7 Blashfield Automobile Law and Practice § 315.1, at 533 (rev. 3d ed. 1987 & 1995 Supp.). It is not apparent that there would have been coverage under the bodily injury protection portion of the standard automobile policy if the batterer had had bodily injury insurance coverage. The language of the compulsory bodily injury provision in the policy indicates that there would be no coverage because the injury must be caused by the insured's automobile. The excess coverage provision, however, contains the same ambiguous reference to "accidents" that the case before us presents.

Statutory language aids us in our conclusion that injuries do not arise out of the use of an automobile when a battery is committed following the collision of two motor vehicles. In defining uninsured motorist coverage, G. L. c. 175, § 113L (1) (1994 ed.), states that uninsured motorist coverage concerns protection of persons "who are legally entitled to recover damages from . . . hit-and-run motor vehicles" causing injury. The focus is on the vehicle and not on its operator-insured.

In the last analysis, the court must make a judgment call. Based on the policy provisions and statutory language, we

conclude that coverage of the injuries caused in this case is not provided under the Massachusetts automobile insurance policy. The battery on the plaintiff was sufficiently independent of the motor vehicle accident that the losses that the plaintiff sustained arose from the intentional wrongdoing of the other driver and not from the use of an automobile.

*Judgment affirmed.*