PHYLLIS ASSETTA & another[1] *vs.* SAFETY INSURANCE
COMPANY.

No. 96-P-233.

Middlesex. June 13, 1997. - August 6, 1997.

Present: BROWN, GREENBERG, & FLANNERY, JJ.

*Contract,* Insurance. *Insurance,* Construction of policy, Underinsured motorist,
   Coverage.

In a declaratory action seeking coverage under the underinsurance provisions
   of a policy of automobile insurance, the judge properly granted summary
   judgment in favor of the plaintiff, a pedestrian who was accidently injured
   by a bottle thrown from a passing vehicle, where, in the circumstances, the
   injury arose from the use of an automobile. [318-319]

CIVIL ACTION commenced in the Superior Court Department on
November 7, 1994.

The case was heard by *Catherine A. White,* J., on a motion
for summary judgment.

*Alice Olsen Mann* (*Steven E. Sylvester* with her) for the
defendant.

*Marianne C. LeBlanc* for the plaintiffs.

BROWN, J. This is an appeal from the entry of summary judg-
ment for the plaintiffs.[2] There are no disputed facts.

On or about July 13, 1993, Phyllis Assetta (Phyllis) was
walking her dog on the sidewalk in Malden when she was struck
in the face by a bottle thrown from a passing vehicle. The
driver of the vehicle, Patrick Richardson, threw the bottle out
the window as he made a U-turn within five feet of the plaintiff.
As a result of the incident, Phyllis sustained severe facial lacera-
tions, trauma and permanent scarring. The vehicle that Richard-

---

[1]John Assetta, Jr.

[2]Safety issued an automobile policy to John Assetta, Jr., which provides un-
derinsured motorist coverage of $250,000 per person.

son was driving at the time of the incident was owned by John T. Verdone and was insured by Commerce Mutual Insurance Company (Commerce).

Following the accident, the plaintiffs settled their claim against Richardson, Verdone and Commerce for $15,000, the limit of the Commerce policy. However, because the settlement amount was insufficient to cover their damages, the plaintiffs subsequently filed an underinsurance claim with the defendant, Safety Insurance Company (Safety). On or about August 8, 1994, Safety rejected the plaintiffs' claim on the ground that their injuries did not arise out of "the ownership, maintenance or use of an automobile" as required by the policy.

On November 4, 1994, the plaintiffs filed this declaratory judgment action in Superior Court seeking a determination as to whether their claim is covered by the Safety policy. Safety filed a motion for summary judgment. A Superior Court judge denied the motion, and, in a subsequent order, entered judgment for the plaintiffs.

"The responsibility of construing the language of an insurance contract is a question of law for the trial judge, and then for the reviewing court." *Cody* v. *Connecticut Gen. Life Ins. Co.*, 387 Mass. 142, 146 (1982). In interpreting insurance policies, "we . . . construe the words of the policy in their usual and ordinary sense," *Hakim* v. *Massachusetts Insurers'. Insolvency Fund*, 424 Mass. 275, 280 (1997), and, when appropriate, "consider what an objectively reasonable insured, reading the relevant policy language, would expect to be covered." *Hazen Paper Co.* v. *United States Fid. & Guar. Co.*, 407 Mass. 689, 700 (1990).

Safety maintains that the Superior Court judge erred in entering judgment for the plaintiffs because their injuries did not arise from the use of an automobile. Specifically, Safety contends that because the plaintiffs' "injuries did not result from conduct necessary or integral to the use of an automobile; nor can it be said that the bottle which struck [Phyllis] Assetta was at any time, or in any way associated with or peculiar to the motor vehicle," the plaintiffs' claim is not covered by the policy.

The policy, in pertinent part, provides that "[Safety] will pay damages for bodily injury to people injured or killed as a result of certain accidents caused by someone who does not have enough insurance." As defined by the policy, the term "ac-

cident" refers to "an unexpected, unintended event that causes bodily injury or property damage arising out of the ownership, maintenance or use of an automobile."

Neither this court, nor the Supreme Judicial Court, has had occasion to consider whether an injury resulting from an object thrown from a moving vehicle arises from the ownership, maintenance, or use of that vehicle.[3] In other contexts, however, the court has stated that in order for coverage to exist there must be a causal connection between the injury and the use of the automobile. See *Sabatinelli* v. *Travelers Ins. Co.*, 369 Mass. 674, 677 (1976) (denying coverage where the insured, while sitting in his automobile, intentionally shot the plaintiff); *Rischitelli* v. *Safety Ins. Co.*, 423 Mass. 703, 706 (1996) (finding no causal connection "when a battery [was] committed following the collision of two motor vehicles"). See also *Roe* v. *Lawn*, 34 Mass. App. Ct. 726, 729-730 (1993), *S.C.*, 418 Mass. 66 (1994) (sexual assault of a passenger on a school bus by the bus driver held to have arisen out of the "ownership, maintenance or use" of the bus).

Here, we agree with the Superior Court judge that a sufficient causal connection exists between the plaintiffs' injuries and the use of the underinsured automobile. It is undisputed that Richardson tossed the bottle while the vehicle was accelerating. Although there is no indication of the exact speed at which the vehicle was traveling at the time of the incident, it is reasonable to assume that its movement affected both the trajectory of the bottle and the force with which it struck Phyllis's face. In these circumstances, the judge was warranted in concluding that the plaintiffs' injuries arose from the use of the underinsured automobile. Accordingly, we conclude that summary judgment was properly granted.

*Judgment affirmed.*

---

[3]There is no indication in the record that Richardson intended to hit the plaintiff with the bottle.