Kern, J.
Plaintiffs, Ann Ketah Tae and Andina Tae (“plaintiffs”), brought this action against their deceased father, Xuachung Tae (“defendant”), to recover for injuries sustained in a fire that occurred on July 13, 1991. The plaintiffs seek monetary damages from the defendant’s automobile insurance company, United States Fidelity and Guaranty Company (“USF&G”). Plaintiffs now move for partial summary judgment and defendant moves for summary judgment. After a hearing and careful consideration, the defendant’s Motion for Summary Judgment is ALLOWED and the plaintiffs’ Motion for Partial Summary Judgment is DENIED.[2]

BACKGROUND

On July 12, 1991, the plaintiffs’ mother, InKhiane Khiaosoth, took the children to their grandmother’s dwelling after an argument with the defendant. On July 13, 1991, at approximately 3:00 a.m., the defendant drove over to the dwelling in a 1978 Toyota Célica.[3] Upon arrival, the defendant took a ratchet and removed the plug on the automobile’s gas tank. He proceeded to drain the gasoline from the tank into a bucket which he carried into the dwelling. Once inside, the defendant poured the gasoline over his body and lit himself on fire. The fire ignited a gas stove causing an explosion and massive fire. As a result, the defendant died and the children were severely burned.
At the time of the fire the defendant was the named insured under a Massachusetts (Personal) Automobile Insurance Policy issued by USF&G.

DISCUSSION

Summary judgment will be granted where there are no genuine issues as to any material facts and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 17 (1989).
A. Statute of Limitations
USF&G argues that the defendant’s death activated the statute of limitations provisions set forth in G.L.c. 197, §9, and therefore the plaintiffs’ claim is time barred. G.L.c. 197, §9 states, in pertinent part:
Except as provided in this chapter, an executor or administrator shall not be held to answer to an action by a creditor of the deceased unless such action is commenced within one year after the date of death of the deceased and unless, before the expiration of such period, the process in such action has been served by delivery in hand upon such executor or administrator or service thereof accepted by him or a notice stating the name of the estate . . .
It is undisputed that this case was not filed until 1995.[4] Plaintiffs maintain that although they did not file their claim within one year of the defendant’s death, they are protected by the provisions of G.L.c. 197, §9A which states, in pertinent part:
Notwithstanding the provisions of section nine, an action for personal injuries or death, if commenced more than one year after the date of death of the deceased, may be brought against said executor or administrator; provided that such action is commenced within three years next after the cause of action accrues, and provided further that any judgment recovered in any action so brought may be satisfied only from the proceeds of a policy of insurance or bond, if any, and not from the general assets of the estate.
(Emphasis added.)
To determine if the proceeds of the USF&G policy are available to plaintiffs, the court must decide whether the incident that occurred on July 13, 1991 qualifies as an “accident” under the terms of the automobile insurance policy. With respect to that issue, no material facts are in dispute. There is also no dispute that, except for the USF&G policy, there are no assets in defendant’s estate. If the court finds that the incident qualifies as an “accident," the plaintiffs will recover damages pursuant to G.L.c. 197, §9A. If, on the other hand, the court finds that this was not an accident as defined in the policy, §9A would not apply because there would be no insurance policy from which to recover a judgment. As a result, plaintiffs’ claim which was filed more than one year after defendant’s death would be barred by the applicable statute of limitations pursuant to G.L.c. 197, §9.
B. Insurance Coverage
The policy defines an “accident” as “an unexpected, unintended event that causes bodily injury or property damage arising out of the ownership, maintenance or use of auto.” This phrase “does not refer to all circumstances in which the injury would not have occurred *65 ‘but for’ the involvement of a motor vehicle." Rischitelli v. Safety Insurance Company, 423 Mass. 703, 704 (1996). See also Perry v. Chipouras, 319 Mass. 473, 474-75 (1946) (no liability coverage where plaintiff tripped on rope that fell from truck). Further, a causal connection, not too casual and remote, must exist between the use of the automobile and the accident, although “there is no requirement of causation which would amount to proximate cause in the ordinary tort sense.” Liberty Mutual Ins. Co. v. Agrippino, 375 Mass. 108, 115 (1978). See also Sabatinelli v. Travelers Ins. Co., 369 Mass. 674, 677 (1976) (shooting of a pedestrian by an individual seated in an automobile not sufficiently connected to the automobile to be deemed to have arisen out of its use).
Here, plaintiffs argue that their injuries were caused by the “use" of the automobile. They rely on Assetta v. Safety Insurance Company, 43 Mass.App.Ct. 317 (1997), for the proposition that “use” of an automobile should be construed broadly for insurance coverage purposes. In Assetta, plaintiff, a pedestrian, was injured by a bottle thrown from a moving automobile. The court held that the extent of plaintiffs injury arose out of the “use” of the automobile because the movement of the automobile “affected both the trajectory of the bottle and the force with which it struck [the plaintiffs] face.” Id. at 319. In the instant case, the facts demonstrate that the conduct which caused plaintiffs’ injuries was unrelated to the use of the insured vehicle. See Rischitelli, supra, at 704-06; Sabatinelli, supra, at 677.
This court sees no distinction between this case and one in which a defendant drove an automobile over to the dwelling with a canister of gasoline. In both instances, the defendant would have left the automobile with the gasoline, entered the dwelling and set himself on fire. Either way, the only “use” of the automobile involved transportation to the dwelling. Liability in both cases is predicated on the intentional wrongdoing of the defendant, and not from any “use” of the automobile. Although the defendant obtained the gas from the fuel tank of the automobile before he entered the dwelling, the action of setting himself on fire is sufficiently independent of any “use” derived from the automobile. As a matter of law, the court does not find that the plaintiffs’ injuries arose out of the “use” of the-automobile simply because the defendant derived the gas from it. Therefore, the insurance policy does not cover the incident and G.L.c. 197, §9A does not apply.

ORDER

For the foregoing reasons, the defendant’s Motion for Summary Judgment is ALLOWED.

 The motions submitted to the court were labeled partial motions for summary judgment. The parties acknowledged at the hearing, that defendant’s motion should be treated as a Motion for Summary Judgment, which, if allowed, would be dispositive of the entire cause of action.

 The defendant had borrowed the automobile from Vongta Khiaosoth. The plaintiffs allege that Vongta Khiaosoth was also insured by USF&G.

 At which point it was filed in Lowell District Court.