ANN KETAH TAE[1] & another[2] *vs.* XUACHUNG TAE.[3]

No. 01-P-748.

Middlesex. December 17, 2002. - February 5, 2003.

Present: ARMSTRONG, C.J., PERRETTA, & DOERFER, JJ.

*Insurance,* Motor vehicle insurance, Construction of policy, Coverage. *Words,* "Use," "Arising out of."

In a civil action to recover for personal injuries under an automobile insurance policy, the insured's act of draining gasoline from the tank of an automobile into a bucket, carrying the bucket into a dwelling, pouring the gasoline over his body, and setting himself on fire, resulting in an explosion, his death, and severe burns to the plaintiff children, did not constitute a "use" of the automobile within the meaning of the policy [299-300]; further, even assuming that the vehicle could be construed as "in use," the plaintiffs' injuries were not sufficiently dependent on the defendant's use of the automobile to be covered by the policy [300-301].

CIVIL ACTION commenced in the Superior Court Department on March 14, 2000.

The case was heard by *Leila R. Kern,* J., on motions for summary judgment.

*Michael C. Najjar* for the plaintiffs.

*John P. Graceffa* (*Richard W. Jensen* with him) for the defendant.

DOERFER, J. We write briefly to establish another marker on the boundary between those injuries covered by automobile liability policies and those that are not.

---

[1] By her mother and next friend, Inkhiane Khiaosoth.

[2] Andina Tae, by her mother and next friend, Inkhiane Khiaosoth.

[3] Under the special provisions of G. L. c. 197, § 9A, where the claim is for personal injuries or death and recovery of a judgment is limited to the proceeds of a policy of insurance, as here claimed, the claim may be brought and maintained against the defendant in his own name even though deceased. The real party in interest is the insurer, who must be served, but who is not named as a party. No personal representative of the deceased need be named. See *Cross* v. *Hewitt,* 52 Mass. App. Ct. 538 (2001).

The facts in this case are not in dispute. The two plaintiffs are the minor children of the deceased defendant. On July 12, 1991, the plaintiffs' mother took them to their grandmother's home in Lowell, following an argument between the plaintiffs' mother and the defendant. At 3:00 A.M., the defendant drove an automobile borrowed from Vongta Khiaosoth to the grandmother's dwelling. He then took a ratchet and removed the plug on the automobile's gas tank and drained the gasoline from the tank into a bucket, which he carried into the dwelling. Once inside, the defendant poured the gasoline over his body and set himself on fire. The fire ignited a gas stove causing an explosion and massive fire. The defendant died and the children were severely burned. The defendant was a named insured under a Massachusetts (Personal) Automobile Insurance Policy issued by United States Fidelity and Guaranty Company (USF&G).[4]

Among the defenses pleaded, the defendant answered that the action was barred by the applicable statute of limitations. The plaintiffs brought a motion for partial judgment on the pleadings, arguing that although the defendant's death activated the one-year statute of limitations applicable to decedents, G. L. c. 197, § 9, the longer statute under G. L. c. 197, § 9A, was applicable because any judgment would be satisfied from the proceeds of his automobile insurance policy. The plaintiffs claim that the defendant's actions and their injuries arose out of the "use" of an automobile. The defendant brought a cross-motion for partial judgment on the pleadings on the ground that the action was time-barred under G. L. c. 197, § 9. The defendant argued that the damages sought by the plaintiffs are outside the scope of coverage afforded by the automobile insurance policies. The trial judge treated the defendant's motion as one for summary judgment, and the plaintiffs appeal from the allowance of that motion. We affirm.

A copy of the insurance policy does not appear in the appendix, but, according to the defendant, Part 1 of the policy provides, in pertinent part, that:

"[W]e will pay damages to people injured or killed by your auto in Massachusetts accidents . . . . We will pay

---

[4]Vongta Khiaosoth was also insured by USF&G.

only if you or someone else using your auto with your consent is legally responsible for the accident."

Part 5 provides that:

> "We will pay damages to people injured or killed in accidents if you or a household member is legally responsible for the accident. We will also pay damages if someone else using your auto with your consent is legally responsible for the accident."

An "accident" is defined in the policy as "an unexpected, unintended event that causes bodily injury or property damage *arising out of* the ownership, maintenance or use of an auto" (emphasis added).

Whether the injury to the children arose out of the use of his automobile depends upon the answers to two questions: (1) Was the decedent's auto in "use" within the meaning of the policy when he drained gasoline from the tank into a bucket and carried it upstairs?; and (2) If so, did the plaintiffs' injuries "arise out of" the decedent's use of the auto? See *White* v. *American Cas. Ins. Co.*, 53 Mass. App. Ct. 66, 68 (2001); *Metropolitan Property & Cas. Ins. Co. v. Santos*, 55 Mass. App. Ct. 789, 794-797 (2002).

1. *Use.* We draw from the analysis in *White* in observing that the term "use" "is not confined to motion on a highway, but extends to any activity in utilizing the insured vehicle in the manner intended or contemplated by the insured." *White* v. *American Cas. Ins. Co.*, *supra* at 68, quoting from 8 Couch, Insurance § 119:37 (3d ed. 1997). Although there are limitations on the concept of "use" of an automobile in Massachusetts, see *Rischitelli* v. *Safety Ins. Co.*, 423 Mass. 703, 706 (1996), it typically is held that vehicles engaged in activities closely related to their usual course of operation are in "use."

In *White*, we concluded that sounding a horn to announce the arrival of an automobile and to call for a passenger fit within the foregoing concept of "use." *White* v. *American Cas. Ins. Co.*, *supra* at 69. This reasoning cannot be extended to the facts of this case. An automobile is not, as argued by the plaintiffs, used to transport the gasoline in its tank. Furthermore, the

emptying of gasoline from the tank into a bucket to carry it away (to commit suicide) is not related to the operation of a vehicle. See *Travelers Ins. Co.* v. *Safeguard Ins. Co.*, 346 Mass. 622, 624 (1964) (store employee who accidentally closed a car door on a customer's fingers while loading groceries into the car was engaged in an activity "too casual and too remote from the operation of the vehicle" to constitute a "use" for purposes of coverage). Cf. *Assetta* v. *Safety Ins. Co.*, 43 Mass. App. Ct. 317, 319 (1997) (an injury caused by a bottle thrown from a moving automobile would be covered under the defendant's auto liability policy because both the bottle's trajectory and the force with which it struck the plaintiff were affected by the use of the automobile).

2. *Arising out of.* Even assuming, purely for the purposes of discussion, that the vehicle could be construed as "in use," the decedent's acts in setting the fire were too independent of any operation of the motor vehicle to be considered causally connected to such use. In *Rischitelli, supra,* the plaintiff was injured following a motor vehicle accident when the driver of the other vehicle left that vehicle and physically attacked the plaintiff. *Rischitelli* v. *Safety Ins. Co.*, 423 Mass. at 703. In these circumstances it was held: "The battery on the plaintiff was sufficiently independent of the motor vehicle accident that the losses that the plaintiff sustained arose from the intentional wrongdoing of the other driver and not from the use of an automobile." *Id.* at 707. See *Sabatinelli* v. *Travelers Ins. Co.*, 369 Mass. 674, 677 (1976) (shooting plaintiff without provocation while seated in an automobile is not related to the use of the vehicle). See and compare *White* v. *American Cas. Ins. Co.*, 53 Mass. App. Ct. at 72-73 (sounding a horn to summon a passenger could be construed as the cause of an immediate attack on the driver by a protective dog).

In this case, the defendant left the vehicle, went upstairs, and there immolated himself. Although the "expression 'arising out of' indicates a wider range of causation than the concept of proximate causation in tort law . . . [i]n the last analysis, the court must make a judgment call." *Rischitelli* v. *Safety Ins. Co.*, 423 Mass. at 704, 706. We deem the plaintiffs' injuries as insuf-

ficiently dependent on the defendant's use of the automobile to be covered by the automobile insurance policy.

*Judgment affirmed.*