THE TRAVELERS INSURANCE COMPANY *vs.* SAFEGUARD
INSURANCE COMPANY & another.

Worcester. December 2, 1963. — January 7, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Insurance,* Motor vehicle liability insurance. *Motor Vehicle,* Operation.

Where an employee of a store carried groceries purchased in the store to
an automobile of the purchaser and opened the door of the automobile
and placed the groceries on the rear seat, and as he was shutting the
door the purchaser's fingers became caught between it and the jamb and
were injured, the employee was not an insured under the purchaser's
motor vehicle liability insurance policy wherein the definition of the
insured included anyone "using" the automobile with the permission of
the named insured, and the insurer under the policy had no obligation
respecting such injury.

BILL IN EQUITY filed in the Superior Court on October 2,
1959.

The plaintiff appealed from a decree entered after hear-
ing by *Dewing,* J.

*Francis H. George* for the plaintiff.

*David H. Fulton & Robert Fulton,* for Safeguard Insur-
ance Company, submitted a brief.

SPIEGEL, J. This is a bill for a declaratory decree to
determine liability under two insurance policies. One was
issued by the plaintiff to Consumer Wholesale Food Com-
pany, Inc. (Consumer), and is a general liability policy; the
other was issued by the defendant Safeguard Insurance
Company (Safeguard) to one Sifi L. Petro, also a defend-
ant, and is an automobile liability policy.

A judge of the Superior Court made "Findings of Fact
and Order for Decree," which we herewith summarize.
Consumer operates a store in Southbridge. On May 8,
1958, one of its employees "in the course of his employ-
ment" carried to Petro's automobile two bags of groceries
which Petro had purchased in Consumer's store. The em-

ployee "opened the door of the car and placed the bags on the rear seat of the car; and as he turned to leave the car, he pulled the door to close it, and in so doing, the fingers of Petro were caught between the door and the door jamb, causing severe injuries to Petro. Petro's car was at a standstill, the motor was not running, and Petro had not entered the car. He was standing outside the car awaiting the delivery of his purchases. . . ."

The trial judge ruled the provisions of the Safeguard policy were "not applicable with the facts . . . found" and that there was no obligation on the part of Safeguard to pay for any injuries suffered by Petro. He also ruled that the policy of insurance issued by the plaintiff obligated it to assume the responsibility of defending Consumer against an action by Petro to recover for his injuries. A final decree was entered to that effect, and from this the plaintiff appeals. There was no error.

Concerning the policy issued by the plaintiff, the trial judge ruled that it was applicable to the facts found. "In taking out the bags of the purchases made by Petro, . . . [the employee] was carrying out his duties as such employee. . . . Under the Travelers policy, Consumer is entitled to be covered as to its liability and Travelers is obligated to assume that responsibility."

The plaintiff contends that the above ruling was in error but in its brief cites no law and presents no argument to support its contention. Therefore, we need not pass upon this question. Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698. It appears, however, to be lacking in merit.

The plaintiff argues that any liability to Petro incurred by Consumer results from the negligent act of Consumer's employee upon a theory of respondeat superior; that if Consumer becomes obligated to Petro as a result of its employee's negligence, it would have an action against the employee for reimbursement; that if Consumer brings such an action against the employee, Safeguard would be obligated to defend him under the policy that it issued to Petro.

The plaintiff would have us draw the conclusion that Safeguard is liable to Petro for injuries which he may have suffered as a result of the negligence of Consumer's employee.

The Safeguard policy obligated the insurer "[t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the motor vehicle." The "insured" as used in the above clause is defined in the policy to include "any person while using the motor vehicle and any person or organization legally responsible for the use thereof, provided the actual use of the motor vehicle is . . . with the permission of" the named insured or his spouse. We are of opinion that the employee is not an insured party under the Safeguard policy.

In numerous cases this court has said that loading and unloading a motor vehicle is a use or operation thereof. *Cook* v. *Crowell,* 273 Mass. 356, 358. *Diggins* v. *Theroux,* 314 Mass. 735, 737. *Nichols & Co. Inc.* v. *Travelers Ins. Co.* 343 Mass. 494, 497. However, in each of these cases the "operated" vehicle was being used in a regular course of soliciting trade or delivering merchandise. In the *Diggins* case, *supra,* it was noted that the placing of the merchandise "upon the truck was an incident in the operation of the truck for the transportation of the merchandise." In the instant case, there was no evidence that Petro's automobile was involved in a course of making deliveries. Cf. *Cook* v. *Crowell, supra.* Nor was any permission given by him to the employee which was causally related to the operation of Petro's vehicle. If what the employee did was a "use" it was too casual and too remote from the operation of the vehicle to qualify Consumer's employee as an insured. See *Nichols & Co. Inc.* v. *Travelers Ins. Co., supra,* 498.

*Decree affirmed.*