CARROLL, DONALD K., Judge.
The plaintiff in an action for indemnification against an insurance company has appealed from an order entered by the Circuit Court for Escambia County granting the defendant’s motion for a summary judgment.
The sole question presented for our determination in this appeal is whether that court erred in so granting the defendant’s motion for a summary judgment on the issue of liability as matter of law.
The record in this cause establishes the following facts pertinent to the present inquiry :
The plaintiff, for the use and benefit of Hartford Accident & Indemnity Co., the plaintiff’s insurer, filed this action against the defendant, Northwestern Mutual Insurance Co.
The plaintiff, a general contractor, was in .'the process of constructing an underground vault which was to have a concrete floor and concrete walks, and the Pensacola Redi-Mix Co., Inc., was the supplier of the concrete for this purpose.
There had been several deliveries of concrete to the pit before the accident in question took place, on which occasions the trucks backed up to the pit and the concrete was poured in and spread to make the floor. On the date in question John W. Atkins, an employee of the plaintiff, was in charge of directing the unloading of the concrete trucks, and directed a truck driven by Joseph B. Gates, an employee of Redi-Mix, alongside the pit. Gates had been instructed by Redi-Mix to rely upon an employee of the plaintiff for directions in backing the truck alongside the pit prior to the actual unloading. Atkins negligently directed Gates to back the truck too close to the edge of the pit and the truck fell in, the truck being damaged and Gates receiving serious personal injuries.
Redi-Mix and Gates then separately sued the plaintiff for their losses. Redi-Mix’s insurer, the defendant herein, refused to defend the plaintiff and denied coverage. Then Hartford, the plaintiff’s insurer, settled the two suits and filed the present action for indemnification.
The critical provision of the liability insurance policy issued by the defendant herein to Redi-Mix is that which defines the word “insured” as that word is used in the said policy. “Insured” is therein defined to mean not only the named insured but also “ * * * any person while using an owned automobile or a hired automobile, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission.”
*438 The appellant’s basic contention herein is that the plaintiff was “using” the truck of Redi-Mix within the above-quoted policy provision when the truck fell in the pit.
In support of this contention, the appellant chiefly relies upon the decision of the Supreme Court of Minnesota in Woodrich Construction Co. v. Indemnity Insurance Co., 252 Minn. 86, 89 N.W.2d 412 (1958).
This Minnesota case does support the said contention, but, in our opinion, the weight of authority and the better view are to the contrary. No Florida case on this point has been cited or fottnd.
One of the leading cases applying this majority rule is the decision of the New York Supreme Court, Special and Trial Term, New York County, in J. Scheer & Sons Co. v. Travelers Indemnity Co., 35 Misc.2d 262, 229 N.Y.S.2d 248 (1962). In that case the New York court held that an automobile liability policy did not cover the employee of a general contractor who was directing the movements of a cement truck in a building that was to be repaired. The.truck’s movement caused the floor to cave in. The court held that merely giving directions for a movement is not such “use” of the truck as to bring the contractor within the truck’s liability insurance coverage.
Among other cases recognizing the majority view in analogous factual situations are Nicollet Properties, Inc. v. St. Paul Mercury Insurance Co., 271 Minn. 65, 135 N.W.2d 127, 18 A.L.R.3d 804 (1965); Travelers Insurance Co. v. Safeguard Ins. Co., 346 Mass. 622, 195 N.E.2d 86 (1964), and Esfeld Trucking, Inc. v. Metropolitan Insurance Co., 193 Kan. 7, 392 P.2d 107 (1964).
Applying the foregoing general rule in the case at bar, we hold that the defendant was entitled to a judgment on the issue of liability as a matter of law, and there was no genuine issue as to the material fact of liability.
Therefore, the order appealed from herein should be and it is
Affirmed.
WIGGINTON, C. J., and SPECTOR, J., concur.