LILLIAN BARNES LAUTENSCHLEGER v. ROYAL INDEMNITY
COMPANY

No. 7219DC427

(Filed 2 August 1972)

Insurance § 68— automobile policy — medical payments — alighting from
vehicle — insufficiency of evidence

Plaintiff's evidence tending to show that she parked her car
over a grease pit at a service station, got out of the car, and, while
walking toward the rear of the car to open the trunk, fell into the
grease pit and sustained injuries, *held* insufficient to show that her
fall occurred while she was "in or upon or entering into or alighting
from" the automobile within the meaning of the medical payments
provision of her automobile insurance policy.

APPEAL by plaintiff from *Warren, District Judge,* 15 November 1971 Session of District Court held in RANDOLPH County.

Civil action to recover under the medical payments provision of a family automobile insurance policy for medical expenses incurred by plaintiff as a result of an accident. Pertinent provisions of the policy provide:

"COVERAGE C — MEDICAL PAYMENTS. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

DIVISION 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident,

(a) While occupying the owned automobile,

\*     \*     \*

DEFINITIONS. . . . 'occupying' means in or upon or entering into or alighting from."

Plaintiff offered evidence which tended to show that on 16 August 1967, at about 6:00 a.m., she took her car to a service station to have the tires recapped. She parked her car over a grease pit, got out of the car, and, while walking toward the rear of the car to open the trunk, fell into the grease pit

sustaining injuries. Plaintiff testified that at the time she fell she had her hand on the car feeling her way around to the trunk. At one point she said this was because it was dark and she could not see. At another point she stated that it was because lights from the station were shining in her eyes blinding her. In a statement given to defendant before trial she stated, "I shifted the things I was carrying from one arm to another, and I was searching for my keys to open the trunk and walking toward the rear of the car, all at the same time, and I started to the trunk of the car, and that is about all I remember when I woke up at the bottom of the grease pit."

It was as a result of injuries sustained in the fall that plaintiff incurred the medical expenses for which she sues.

At the conclusion of plaintiff's evidence, the court found that her evidence was insufficient to be submitted to the jury and allowed defendant's motion for a directed verdict.

*John Randolph Ingram for plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter by Larry B. Sitton for defendant appellee.*

GRAHAM, Judge.

We think it clear under any version of plaintiff's evidence that her injuries did not result from an accident while occupying the insured vehicle within the meaning of the medical payments provision of her insurance policy. She has simply failed to show that her fall occurred while she was "in or upon or entering into or alighting from" the automobile. *Jarvis v. Insurance Co.*, 244 N.C. 691, 94 S.E. 2d 843. We affirm the directed verdict entered for defendant.

Affirmed.

Judges MORRIS and VAUGHN concur.