Belknap
No. 6476

UNION MUTUAL FIRE INSURANCE COMPANY

v.

ROBERT N. KING AND GLOBE INDEMNITY COMPANY

January 31, 1973

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *William S. Orcutt* (*Mr. Orcutt* orally) for Union Mutual Fire Insurance Company.

*Devine, Millimet, Stahl & Branch* (*Mr. Shane Devine* orally) for Globe Indemnity Company.

GRIMES, J.   This appeal from a declaratory judgment presents us with the question whether Robert N. King's injury, which occurred when he slipped on ice in the driveway while pushing an automobile owned by Mrs. Gladys Harriman, arose out of the ownership, maintenance or use of the automobile so as to fix primary coverage under the automobile liability coverage provided by the Globe policy rather than the homeowner's policy of Union Mutual. Globe Indemnity Company had issued a motor vehicle liability policy on Mrs. Harriman's car. This policy obligated Globe Indemnity to pay on behalf of Mrs. Harriman all sums which the insured shall become legally obligated to pay as damages because of: A. bodily injury . . ., sustained by any person arising out of the ownership, maintenance or use of the owned automobile . . . ."

Mrs. Harriman resided with her daughter, Majorie Richards, at the premises where Mr. King's injury occurred. Union Mutual Fire Insurance Company had issued to Mrs. Richards a "homeowners policy" obligating it to pay all bodily injury claims against Mrs. Richards that occurred on the premises where Mr. King was injured. The Union Mutual policy contained a clause that provided "with respect to loss arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any automobile . . . at the premises or the ways immediately adjoining, . . . this insurance shall not apply to the extent that any valid and collectible insurance

on a primary, excess or contingent basis, is available to the insured".

Union Mutual brought a petition for declaratory judgment to determine whether Globe Indemnity must provide primary insurance coverage because the injury arose "out of the ownership, maintenance or use" of the Harriman automobile. The trial court found that the injury arose out of the ownership, maintenance or use of the owned automobile and that Globe Indemnity therefore had the primary coverage obligation. All exceptions of record were reserved and transferred by *Mullavey*, J.

Mr. King was sent with a fellow employee to the Harriman house to start the Harriman car. Upon arriving at the house, Mr. King was motioned to by Mrs. Harriman and Mrs. Richards from their window that the car was in the garage. Mr. King entered the garage and found that the battery was dead. He and his fellow employee then pushed the car out of the garage and attempted to push it up the icy driveway. King slipped on the ice and brought suit against Majorie Richards individually and as administratrix of the estate of Gladys S. Harriman.

Globe Indemnity argues that the accumulation of ice on the premises was the proximate cause of the alleged injury and that the motor vehicle had no connection with the accident. We cannot agree.

The Globe policy provided coverage for accidents arising out of the ownership, maintenance or use of the Harriman automobile. Such a clause has been interpreted by this court to mean accidents originating from, or growing out of, or flowing from the use or maintenance of the insured vehicle. *Carter v. Bergeron*, 102 N.H. 464, 470-71, 160 A.2d 348, 353 (1960). A finding that the injury was directly and proximately caused by its use or maintenance is not required. *Eastern Transp. Co. v. Liberty Mut. Cas. Co.*, 101 N.H. 407, 144 A.2d 911 (1958) and cases cited therein. All that is necessary is that the accident was causally connected with the use or maintenance of the insured vehicle. *Carter v. Bergeron, supra* at 471, 160 A.2d at 354; 1 Long, The Law of Liability Insurance § 1.22 (1972); *see* Annot., 89 A.L.R.2d 150 (1963).

We hold that there was sufficient evidence to warrant the

trial court's finding that the injury arose out of the ownership, maintenance or use of the car. Therefore the Globe Indemnity Company must provide primary insurance coverage.

*Decree affirmed; remanded.*

All concurred.