LOIS L. ROSEBROOKS *vs.* NATIONAL GENERAL INSURANCE COMPANY. April 30, 1982. Mrs. Lois L. Rosebrooks, wife of George L. Rosebrooks, the insured owner of an automobile, left a restaurant in Webster after lunch with her husband and others and walked toward the insured automobile. She reached the right rear of the vehicle, put her right hand on it, and began walking around it toward the rear door on the driver's (i.e., the left) side which she intended to enter. "Just as she got around the rear of the . . . [automobile], she lost her footing on a patch of ice and fell, injuring herself." Her "right hand was on the vehicle when she . . . fell." She then was about two to three feet from the door handle which she never reached. She had gone to the restaurant in the vehicle and intended, with the permission of the named insured, to depart in it. Within two years, she incurred necessary medical expenses of more than $7,000. If she is entitled to recover, it is stipulated that her damages are $7,000. The parties agree that the sole issue is whether Mrs. Rosebrooks was injured as the result (as the following terms are used in the policy) of an "accident" while "occupying" the vehicle, in a manner which would entitle her to "personal injury protection" or "medical payments benefits."

The case was heard by a Superior Court judge, sitting without a jury, on a statement of agreed facts. The trial judge ruled that Mrs. Rosebrooks was not entitled to recover. From a judgment for the insurance company, she has appealed.

The insurance policy was written in a new "simplified" form approved by the Commissioner of Insurance. Under the heading "Our Agreement," it is stated that "[b]ecause this is an auto policy, it only covers accidents . . . which *result* from the ownership, maintenance or *use* of autos" (emphasis supplied). Under part 2, "personal injury protection" or "PIP" coverage, the insurer agrees to pay "Medical Expenses" which have been incurred by "people injured . . . *in auto accidents*" (emphasis supplied). PIP benefits are to be paid to "any . . . person . . . injured while *occupying* your [the insured's] auto with your consent" (emphasis supplied). The term "occupying" is defined as "in, upon, entering into, or getting out of" the insured vehicle. "Accident" is defined as "an unexpected, unintended event that causes bodily injury . . . arising out of the . . . use of an auto." See, as to some of these policy terms, G. L. c. 90, § 34A.

The trial judge interpreted § 34A, as amended in 1970 to provide for "no fault" insurance (see St. 1970, c. 670, §§ 1, 2), as covering "substan-

tially the same accidents . . . previously . . . the subject of" c. 90, viz., those "arising out of the ownership, maintenance or use of an automobile." This interpretation of the Commissioner of Insurance, indicated by the language of the policy, he said, is entitled to weight in determining the meaning of the statute. See *Lowell Gas Co.* v. *Commissioner of Corps. & Taxn.*, 377 Mass. 255, 262 (1979). The judge found it unnecessary to rule whether Mrs. Rosebrooks was "in, upon, [or] entering into" the vehicle because the "accident did not arise out of the . . . use of the insured vehicle . . . and was not an 'auto accident.'" The injury to Mrs. Rosebrooks, he concluded, was not one which "by . . . ordinary [English] usage . . . would be described as an 'auto accident'" and "there was no causal relationship between . . . [Mrs. Rosebrooks's] 'use' of the vehicle and her injury," citing *LaPointe* v. *Shelby Mut. Ins. Co.*, 361 Mass. 558, 562-564 (1972), and *Liberty Mut. Ins. Co.* v. *Agrippino*, 375 Mass. 108, 113-114 (1978), which in turn relied in part upon *Travelers Ins. Co.* v. *Safeguard Ins. Co.*, 346 Mass. 622, 624 (1964). In that case, a grocery delivery boy by accident shut the door of an automobile upon the fingers of its owner who was waiting to enter the vehicle as soon as the groceries had been placed inside. There it was held (at 624) that any "use" of the vehicle by the boy "was too casual and too remote from the operation of the vehicle to qualify . . . [the grocery boy] as an insured" under the motor vehicle policy. Compare the circumstances considered in *Blair* v. *Boston Elev. Ry.*, 310 Mass. 1, 4 (1941).

Mrs. Rosebrooks contends that the judge's ruling as to the policy term "use" of an automobile is unduly narrow, and gives too little weight to her own intention eventually to enter the vehicle although when hurt she was using it "as a crutch or cane to assist walking" toward it but without reaching its door. The cases elsewhere are by no means uniform. See 12 Anderson, Couch's Cyclopedia of Insurance Law §§ 45:53, 45:54, 45:56, 45:57, 45:68, & 45:74 (rev. 2d ed. 1981); 8 Blashfield, Automobile Law and Practice § 319.16 (3d ed. 1966); Annot., 42 A.L.R. 3d 501 (1972). See also 6B Appleman, Insurance Law and Practice § 4322 (1979). We perceive no consistent guidance in the relevant decisions of courts outside of Massachusetts, many of which are listed in the Annex of this opinion, *infra*. A majority of the panel inclines to the view that the trial judge ruled correctly that this was not an "auto accident" (a) because it had no causal relationship to any operation of the vehicle in the immediate past (in that neither another automobile nor the insured vehicle was directly involved), and (b) because entering the automobile had not begun. In any event, the whole panel is in agreement on the limited ground that Mrs. Rosebrooks, when injured, was not "in . . . entering . . . or getting out of" the insured vehicle; nor was she "upon" the vehicle in any real sense.

*Judgment affirmed.*

ANNEX

Among cases which *deny* recovery in generally comparable situations are *Menchaca* v. *Farmers Ins. Exch.*, 59 Cal. App. 3d 117, 128-129 (1976), woman merely approaching vehicle with intention of entering it; *Ross* v. *Protective Indem. Co.*, 135 Conn. 150 (1948), plaintiff struck by automobile while standing behind insured vehicle; *Carta* v. *Providence Wash. Indem. Co.*, 143 Conn. 372, 374-377 (1956), plaintiff, after alighting from a motor vehicle, started walking away but observed the vehicle rolling downhill toward her, and was injured while trying to avoid it; *Thomas* v. *Travelers Ins. Co.*, 54 App.Div.2d 608 (N.Y. 1976), plaintiff, crossing street from a restaurant to his vehicle, was close to it (and may have had his hand upon the door handle) when struck by another automobile, was held to be a pedestrian, and not engaged in operating his automobile; *Jarvis* v. *Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co.*, 244 N.C. 691, 692 (1956), deceased when hit by automobile was in the highway approaching his own truck; *Lautenschleger* v. *Royal Indem. Co.*, 15 N.C. App. 579, 580 (1972), plaintiff parked her automobile in a service station, then while walking toward the rear of the automobile she slipped and fell into a grease pit; *Hollingworth* v. *American Guar. & Liab. Ins. Co.*, 105 R.I. 693, 695-696 (1969), plaintiff, hit in a service station by a vehicle not his own, was not "occupying" that vehicle; *Bowlin* v. *State Farm Mut. Auto. Ins. Co.*, 46 Tenn. App. 260, 262 (1959), plaintiff suffered back injury while pushing his truck; *Ferguson* v. *Aetna Cas. & Sur. Co.*, 369 S.W.2d 844, 845-846 (Tex. Civ. App. 1963), plaintiff, injured in a parking area on her way to her own vehicle, had obtained support from the handle of an automobile which she did not plan to enter; but see *Houston Fire & Cas. Ins. Co.* v. *Kahn*, 359 S.W.2d 892 (Tex. 1962), injured person was riding a bicycle and hit a legally parked automobile (policy language is different); *First Continental Life & Acc. Ins. Co.* v. *Hankins*, 480 S.W.2d 244, 245-246 (Tex. Civ. App. 1972), death occurred while person was under automobile replacing the driveshaft; *Green* v. *Bureau Mut. Auto. Ins. Co.*, 139 W. Va. 475, 476 (1954), insured injured when his automobile fell off a jack while he was changing a flat tire.

Cases *allowing* recovery to one as "occupying" a vehicle, or one in, upon, entering, or alighting from a vehicle include the following. In all but the second case, the connection of the injured person to the vehicle is stronger than in the present case because the injured were all engaged actively in entering, leaving, or working on the vehicles in connection with their use as vehicles when the injuries occurred. *Cocking* v. *State Farm Mut. Auto. Ins. Co.*, 6 Cal. App. 3d 965, 967-969 (1970), driver a short distance behind vehicle was preparing to put chains (required by driving conditions) on tires when struck by another automobile; *National Indem. Co.* v. *Farmers Home Mut. Ins. Co.*, 95 Cal. App. 3d 102, 104-106 (1979),

child "approximately one-half way across the street" after alighting from a vehicle was injured by passing automobile; *Padron* v. *Long Island Ins. Co.*, 356 So. 2d 1337, 1338 (Fla. Dist. Ct. App. 1978), plaintiff while attempting to get out of his automobile slipped and broke his leg upon impact with the door; *Stoddard* v. *"Aid" Ins. Co.*, 97 Idaho 508, 509 (1976), insured was injured in a gasoline fire while attempting to get out of the automobile which he had just parked in his garage; *United Farm Bureau Mut. Ins. Co.* v. *Pierce*, 152 Ind. App. 387 (1972), insured was pushing an automobile stuck in snow when injured; *Henderson* v. *Hawkeye-Security Ins. Co.*, 252 Iowa 97, 102-103 (1960), plaintiff struck by another automobile while attempting to lower the hood of the insured automobile; *Goodwin* v. *Lumbermens Mut. Cas. Co.*, 199 Md. 121, 124-125, 131 (1952), four women about to enter an automobile were injured by another automobile when one of them had opened a door and was trying to unlock another door and others were standing waiting to enter. This was a situation where all had "completed their approach to the car" and "were not coming up to it with the purpose of entering it, they had reached it, and . . . were actually engaged in . . . getting in." Other similar decisions are: *McPherson* v. *Auto-Owners Ins. Co.*, 90 Mich. App. 215, 217 (1979), plaintiff had "temporarily parked" her automobile and was in the process of going to the rear seat to remove her grandson when she slipped, but see *Dowdy* v. *Motorland Ins. Co.*, 97 Mich. App. 242, 246, 251-252 (1980), recovery denied under "parked vehicle" statute; court considers the *McPherson* case "wrongly decided," but does not overrule it; *Union Mut. Fire Ins. Co.* v. *King*, 113 N.H. 39, 41 (1973), plaintiff slipped on ice while pushing the insured's automobile; *Whisnant* v. *Aetna Cas. & Sur. Ins. Co.*, 264 N.C. 303, 308 (1965), plaintiff, attempting to push disabled vehicle to side of road, hit by another automobile; *Madden* v. *Farm Bureau Mut. Auto. Ins. Co.*, 82 Ohio App. 111, 113 (1948), plaintiff placing a tire in the trunk of the insured automobile when struck by another automobile; *Sherman* v. *New York Cas. Co.*, 78 R.I. 393, 395 (1951), plaintiff injured while grasping automobile in attempt to prevent it from rolling into a wall.

*Roger J. Brunelle* for the plaintiff.

*Edward P. Healy* for the defendant.