49 Mass. App. Ct. 545 (2000)                                        545

Johnson *v.* Modern Continental Construction Co., Inc.; Mohawk Construction Co., Inc.

BRUCE JOHNSON & others[1] *vs.* MODERN CONTINENTAL
CONSTRUCTION CO., INC., & another[2]; MOHAWK
CONSTRUCTION CO., INC., third-party defendant.

No. 98-P-1145.

Suffolk. March 13, 2000. - July 6, 2000.

Present: PORADA, DREBEN, & DUFFLY, JJ.

*Indemnity. Contract,* Subcontract, Indemnity, Construction of contract. *Statute,*
Construction. *Practice, Civil,* Attorney's fees, Costs. *Witness,* Fee.

In an action brought by a general contractor seeking indemnification from a
subcontractor under the terms of the subcontract for the contractor's tort li-
ability to the subcontractor's employee, the judge used the proper legal
standard [547-549] and correctly concluded that the subcontractor did not
cause the injuries within the meaning of G. L. c. 149, § 29C, and was not
liable to indemnify [549].

A judge did not err in awarding attorneys' fees to the prevailing third-party
defendant in a claim for indemnity under the applicable terms of the par-
ties' contract [549-550], but should not have awarded expert witness fees
and costs which the contract did not provide for and which were beyond
the scope of G. L. c. 262, § 29 [550-551].

CIVIL ACTION commenced in the Superior Court Department on
June 15, 1994.

The case was heard by *Patrick J. King,* J., and an application
for costs was heard by him.

*Brian M. Cullen* for Modern Continental Construction Co.,
Inc., & another.

*Richard J. Riley (Margaret M. Abruzese* with him) for Mo-
hawk Construction Co., Inc.

PORADA, J. The principal issues in this case are whether the
indemnity clause of a construction subcontract required the
subcontractor to indemnify the general contractor for its tort li-

---

[1]Essie Johnson, individually and as next best friend of Bruce Johnson, Jr.,
Shalena Johnson, and Ashley Johnson.

[2]Obayashi Corp.

ability to the subcontractor's employee and whether the subcontractor was entitled to recover attorneys' fees and the fee paid an expert witness under the attorneys' fees and cost provisions of the subcontract. We affirm the judgment as modified herein.

We summarize the facts which are not in dispute. The plaintiff, Bruce Johnson, sustained serious injuries while working for the subcontractor, Mohawk Construction Co., Inc. (Mohawk), in the construction of a tunnel at the Bird Island Flats in East Boston. Mohawk was hired by the general contractor, Modern Continental Construction Co., Inc. (Modern), to do iron work on the tunnel. The subcontract executed by Mohawk and Modern contained the following provision, which is the subject of this appeal:

> "The Subcontractor shall fully indemnify to the extent permitted by law and save the General Contractor wholly harmless from any and all claims, liabilities, liens, demands, and causes of action for or on account of any injury to persons or damage to property arising out of or in consequence of the performance of any work hereunder in accordance with this provision."

Modern settled the plaintiffs' claims against it for negligence for the sum of $550,000 and sought to recover this sum from Mohawk under the indemnity clause in the subcontract. A Superior Court judge found that Modern could not recover this sum from Mohawk under the indemnity clause of the subcontract because Mohawk had not caused Johnson's injuries. He also found that Mohawk was entitled to recover attorneys' fees and the fee paid an expert witness in defense of Modern's claim against it under the parties' subcontract.

On appeal Modern contends that the judge's decision should be reversed because Mohawk is required to indemnify Modern under the indemnity clause for the sum paid to the plaintiffs and Mohawk is not entitled to be reimbursed for its legal fees and expenses incurred as a result of this action. We affirm the judgment as modified herein.

We address the issues.

1. *Indemnity.* A subcontractor's obligation to indemnify any person for injury to persons or property in a construction contract is subject to the provisions of G. L. c. 149, § 29C,

which limits the subcontractor's liability to injury to persons or property "caused by" the subcontractor, its employees, agents, or subcontractors. Under its subcontract, Mohawk was required to indemnify Modern for any claim for injuries "arising out of or in consequence of the performance of any work" by Mohawk under the subcontract. The parties do not dispute that the words "arising out of or in consequence of" are the equivalent of "caused by." See *M. DeMatteo Constr. Co.* v. *A.C. Dellovade, Inc.*, 39 Mass. App. Ct. 1, 3-4 (1995) (there is no difference between the language in an indemnity provision "arising out of or in consequence of" or "the performance . . . of the work performed" and the statutory language "caused by" under G. L. c. 149, § 29C). At issue is whether Mohawk caused the injuries of its employee, Bruce Johnson.

Modern claims that the judge applied the wrong legal standard in determining Mohawk's indemnification obligation. Specifically, Modern claims that the judge wrongly applied negligence principles to determine the causation issue, in particular the concept of proximate causation. Instead, Modern asserts that the judge should have used a lesser standard of causation which simply would have required the judge to determine if there was a nexus between Mohawk's performance of its work under the subcontract and the resultant harm to Johnson.

We will not set aside a judge's ultimate conclusion unless it is clearly erroneous or inconsistent with the relevant legal standard. *Freyermuth* v. *Lutfy*, 376 Mass. 612, 615 (1978). The language of G. L. c. 149, § 29C, no longer requires a finding of the subcontractor's negligence in order to trigger a subcontractor's liability under an indemnity provision in a construction subcontract. *M. DeMatteo Constr. Co.* v. *A.C. Dellovade, Inc.*, 39 Mass. App. Ct. at 4. A subcontractor's indemnity obligation is now determined by deciding whether the subcontractor's action or inaction brought about or provoked the mishap. *Miley* v. *Johnson & Johnson Orthopaedics, Inc.*, 41 Mass. App. Ct. 30, 33 (1996). While Modern is correct that the judge's findings are replete with reference to negligence concepts, we do not think that the result reached by him is clearly erroneous or inconsistent with the applicable legal standard set forth in *Miley*, for the reasons stated herein.

Relying on *Merchants Ins. Co. of N.H.* v. *United States Fid. & Guar. Co.*, 143 F.3d 5, 10 (1st Cir. 1998), Modern argues that the indemnity provision is triggered when the injury to the

subcontractor's employee occurs during the course of his employment and contemporaneously with his performance of work for the subcontractor under his subcontract with the general contractor. In the *Merchants* case, the First Circuit held that even though the injury to the subcontractor's employee was the result of the general contractor's employee's negligence, the general contractor would be covered as an additional insured under the subcontractor's general liability policy which provided coverage to the additional insured for liability "arising out of" the subcontractor's work. *Id.* at 9-10. Recognizing that the Supreme Judicial Court and the Appeals Court have held that "arising out of" denotes a level of causation that is much broader than the concept of proximate causation in tort law, *Rischitelli* v. *Safety Ins. Co.*, 423 Mass. 703, 704 (1996); *New England Mut. Life Ins. Co.* v. *Liberty Mut. Ins. Co.*, 40 Mass. App. Ct. 722, 724, 726 (1996), the First Circuit held that, where the injury to the subcontractor's employee occurred while he was working for the subcontractor in the performance of the subcontractor's work for the general contractor under the parties' contract, the injury "arose out of" the subcontractor's work. *Merchants Ins. Co. of N.H.* v. *United States Fid. & Guar. Co.*, 143 F.3d at 9-10. However, the Massachusetts law to which the First Circuit referred arises solely out of the interpretation of clauses in various insurance policies, which generally favor a construction for the insured. See *Rischitelli* v. *Safety Ins. Co.*, *supra*; *New England Mut. Life Ins. Co.* v. *Liberty Mut. Ins. Co.*, 40 Mass. App. Ct. at 723-724. We do not consider coverage questions under an insurance contract analogous to coverage under an indemnity provision of a construction contract. In any event, the causation standard to be applied to trigger a subcontractor's indemnification obligation in a construction contract is that established by our decision in *Miley* v. *Johnson & Johnson Orthopaedics, Inc.*, 41 Mass. App. Ct. at 33. Under the *Miley* standard, there must be proof that the subcontractor's action or inaction provoked the mishap. *Ibid.* Although the judge did in fact rule that the conduct of the subcontractor's employees was not a "substantial factor" in bringing about the harm to Johnson, a concept reflective of a proximate causation standard, *Tritsch* v. *Boston Edison Co.*, 363 Mass. 179, 182 (1973), he also ruled commensurate with the standard of causation enunciated in *Miley* that neither Johnson nor Mohawk "did or failed to do anything that" caused, provoked, or brought

about Johnson's accident. Accordingly, we do not think that the judge's ultimate conclusion that Mohawk was not required to indemnify Modern was inconsistent with the relevant legal standard.

Modern also argues that, applying the *Miley* standard to the judge's subsidiary findings, the judge's ultimate conclusion that Mohawk or its employees did not cause Johnson's injuries is clearly erroneous. Modern relies principally on the judge's findings that Mohawk chose the time and place of Johnson's work location knowing that Modern's employees were working on a deck close by and that the horn on the crane which inadvertently swung over Johnson's workplace dropping a bundle of plywood on top of him was not loud enough to provide sufficient warning to anyone working in Johnson's location. As such, Modern contends that the conduct of Mohawk's employees amounted to more than mere presence on the job site, *Miley* v. *Johnson & Johnson Orthopaedics, Inc.*, *supra*, and constituted action which caused Johnson's injuries. However, Modern overlooks the judge's findings that Modern's employees failed to securely fasten the plywood to the sling being used to hoist the bundle; to tie tag lines to direct the load to prevent it from inadvertently swinging out over where Johnson was working; to inform Johnson of the plan to move the plywood; and to provide a horn that would have been effective in warning Johnson that plywood was being moved. In light of those findings, we decide that the judge's ultimate conclusions that Mohawk's choice of job site did not bring about, provoke, or cause Johnson's injuries and that Mohawk was not obligated to reimburse Modern for the sum paid to settle the plaintiffs' claims for injuries and damage resulting from Johnson's mishap, were not clearly erroneous.

2. *Attorneys' fees*. Modern argues that the judge's award of attorneys' fees to Mohawk for the defense of Modern's third-party claim against it for indemnification was error under the parties' contract. Modern asserts that the award of attorneys' fees is governed by Article IV and not Article XX of the parties' contract.

Article IV provides:

"The Subcontractor shall fully indemnify . . . and save the General Contractor wholly harmless from any and all

claims, liabilities, liens, demands, and causes of action for or on account of any injury to persons or damage to property arising out of or in consequence of the performance of any work hereunder in accordance with this provision. . . . Subcontractor will defend all *such claims* at his own cost and expense and reimburse the General Contractor for any attorneys' fees incurred by the General Contractor with respect to any such claim" (emphasis supplied).

Article XX provides in pertinent part as follows:

"Any and all claims or disputes not specifically covered elsewhere in this Agreement arising out of or relating to this Agreement or breach hereof, if not settled by the agreement of the parties hereto, shall be settled only by judicial decision of the Middlesex Superior Court of any dispute between the General Contractor and the Subcontractor which court shall award attorneys' fees to the prevailing party . . . ."

Modern argues that the provisions of Article XX do not apply because the dispute over indemnification is indeed covered elsewhere in the contract under Article IV and to hold otherwise would confer indemnity rights upon Mohawk, at least as to attorneys' fees, which was a benefit the parties chose not to include in Article IV.

The trial judge reasoned that Article XX controlled rather than Article IV, because Article IV only applied to "such claims" in which it has been determined that the injury arose out of or in consequence of the performance of the subcontractor's work. We agree. Since the injury to the employee in this case did not arise out of or in consequence of the performance of work by the subcontractor, then the provisions of Article XX, which govern disputes not otherwise covered by the agreement, apply. The judge did not err in awarding attorneys' fees to Mohawk under the subcontract.

3. *Expert witness fees.* Modern argues that Mohawk is not entitled to recover the sum of $5,305.72 for a fee paid to an expert witness. Article XX allows a court to award "attorneys' fees as part of the costs to the prevailing party." The subcontract does not otherwise provide for the award of costs. Consequently, the issue is controlled by *Waldman* v. *American Honda Motor*

*Co.*, 413 Mass. 320, 321-324 (1992), which holds that, in the absence of a special authorizing statute, contractual provision, or stipulation, a prevailing party may not recover expert witness fees and costs beyond the limited allowance in G. L. c. 262, § 29. Consequently, the judge should not have included this fee in the amount of the attorneys' fees and costs awarded Mohawk.

In sum, the award of attorneys' fees and costs to Mohawk shall be reduced by the sum of $5,305.72. The judgment is otherwise affirmed.

*So ordered.*