Erick **FERREIRA, Lori** Ferreira and **Ashlay** Ferreira, a minor through her father Erick Ferreira Plaintiffs,

v.

BEACON SKANSKA CONSTRUCTION COMPANY, INC. and M.L. McDonald Sales Company, Inc. Defendants.

No. CIV.A.2002–12213–RB.

United States District Court, D. Massachusetts.

Dec. 22, 2003.

William Tennison Smitherman, Smitherman Law Offices, Cranston, RI, for Plaintiffs.

Thomas C. Federico, Morrison, Mahoney & Miller, LLP, Michael P. Guagenty, Sloane & Walsh, Patrick M. McCormack, Law Offices of Peter D. Feeherry, William

A. McCormack, Bingham McCutchen LLP, Boston, MA, Amy A. Parker, Morrison, Mahoney & Miller, Providence, RI, for Defendants.

MEMORANDUM AND ORDER ON THE MOTION OF BEACON SKANSKA CONSTRUCTION CO. FOR SUMMARY JUDGMENT (# 24)

COLLINGS, United States Magistrate Judge.

## I. INTRODUCTION

In late 2000 or early 2001, Erick Ferreira, Lori Ferreira and Ashlay Ferreira (collectively, the "plaintiffs") filed this action in federal court in Rhode Island against Beacon Skanska Construction Company, Inc. ("Beacon Skanska") and M.L. McDonald Sales Company, Inc. ("McDonald") (collectively, the "defendants") for injuries Mr. Ferreira sustained after tripping on some insulation at a construction site where he was working for a subcontractor, Fire Suppression Systems, Inc.[1] Specifically, Mr. Ferreira alleged in the complaint that on June 29, 1999, while working at the construction site, he was carrying a long length of pipe, tripped on some insulation scattered on the ground and fell, sustaining serious injuries. (See Original File, Certified Copy of Transfer Order # 1, containing Amended Complaint at ¶¶ 11–12, 17–18, 21–22, 27–28) Defendant Beacon Skanska was the general contractor for the construction project (hereinafter, the "construction site") where Mr. Ferreira was injured, and defendant McDonald was a subcontractor at the construction site in charge of installing insulation. (Amended Complaint, ¶¶ 8–9)

---

1. The plaintiffs' original Complaint named only Beacon Skanska as a defendant, and then in or about June, 2002, the plaintiffs filed an Amended Complaint which replaced the originally filed complaint and named McDonald as well as Beacon Skanska as a defendant.

On or about November 8, 2002, the United States District Court for the District of Rhode Island transferred this case to this Court. On or about November 22, 2002, McDonald filed an Answer to the Complaint, Affirmative Defenses, Crossclaim Against and Answer to Crossclaim of Co-Defendant, Beacon Skanska Construction Company, Inc.(# 2)[2], and on or about December 6, 2002, Beacon Skanska filed an Answer to Cross Claim of M.L. McDonald Sales Company, Inc. (# 4) On or about March 24, 2003, the District Judge to whom this case was assigned transferred this case to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c). (Notice of Case Assignment # 10) On or about September 17, 2003, the parties filed a Stipulation of Dismissal of Action Pursuant to Rule 41(a)(1)(ii) of the Plaintiffs' Claims Only (# 21). That is, the parties dismissed the case as to the plaintiffs' claims, but the cross-claims still remain.

On or about October 27, 2003, Beacon Skanska filed its Motion for Summary Judgment (# 24), along with a Supporting Memorandum of Law (# 25), in which it seeks reimbursement of its defense costs (totaling approximately $35,000). On or about November 17, 2003, McDonald filed its Memorandum in Support of Opposition to Motion of Beacon Skanska Construction Co. for Summary Judgment (# 29). Having been fully briefed, Beacon Skanska's motion for summary judgment is in a posture for resolution. For the reasons discussed below, the motion will be allowed.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is "a device that has proven its usefulness as a means of avoiding full-dress trials in unwinnable cases, thereby freeing courts to utilize scarce judicial resources in more beneficial ways.'" *Mullin v. Raytheon Co.*, 164 F.3d 696, 698 (1st Cir.1999), cert. denied 528 U.S. 811, 120 S.Ct. 44, 145 L.Ed.2d 40 (1999) (quoting *Mesnick v. General Electric Co.*, 950 F.2d 816, 822 (1st Cir.1991)). The party moving for summary judgment "bears the initial burden, which may be discharged by pointing to the absence of adequate evidence supporting the nonmoving party's case." *Michelson v. Digital Financial Svcs.*, 167 F.3d 715, 720 (1st Cir.1999). After the moving party has met its burden, "the onus is on the nonmoving party to present facts that show a genuine issue for trial." *Id.*

When considering whether to grant summary judgment, the Court must determine whether:

... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). In making this assessment, the Court must "accept all reasonable inferences favorable to the nonmovant." *Mullin*, 164 F.3d at 698; see also *Feliciano v. State of Rhode Island*, 160 F.3d 780, 788 (1 Cir., 1998).

A factual dispute which is neither "genuine" nor "material" will not survive a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In deciding whether a factual dispute is "genuine," the Court must determine whether

---

**2.** Oddly, the docket does not reflect, and the file does not contain, any cross-claim filed by Beacon Skanska against McDonald. The Court assumes from the fact that McDonald filed a pleading entitled inter alia Answer to Cross–Claim of Co–Defendant Beacon Skanska and from the fact that the no party has said otherwise that Beacon Skanska indeed did file a cross-claim against McDonald.

the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*; see also *Fajardo Shopping Center, S.E., v. Sun Alliance Ins. Co. of Puerto Rico, Inc.,* 167 F.3d 1, 7 (1st Cir. 1999) ("[A]n issue is 'genuine' if the evidence presented is such that a reasonable jury could resolve the issue in favor of the nonmoving party"); *De–Jesus–Adorno v. Browning Ferris Indus. of Puerto Rico,* 160 F.3d 839, 841–42 (1st Cir.1998) ("A trialworthy issue exists ... [if] the evidence is 'sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side.' "); *Feliciano,* 160 F.3d at 784; *Hodgens v. General Dynamics Corp.,* 144 F.3d 151, 158 (1st Cir.1998) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). In weighing whether a factual dispute is "material," the Court must examine the substantive law of the case, because "only disputes over the facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; see also *De–Jesus–Adorno,* 160 F.3d at 841–42 ("A trialworthy issue exists if the evidence is such that there is a factual controversy pertaining to an issue that may affect the outcome of the litigation under the governing law"); *Fajardo Shopping Center, S.E.,* 167 F.3d at 7 (citing *Pagano v. Frank,* 983 F.2d 343, 347 (1st Cir.1993)).

Rule 56 does not permit the party opposed to the summary judgment motion to rest upon the mere allegations or denials in its own pleadings. See *Mullin,* 164 F.3d at 698 (quoting *Wynne v. Tufts Univ. Sch. of Medicine,* 976 F.2d 791, 794 (1st Cir.1992), cert. denied, 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993)) ("Its essential role is to 'pierce the boilerplate of the pleadings and assay the parties proof in order to determine whether trial is actually required.' "). Rather, Rule 56(c):

mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### III. ANALYSIS

Beacon Skanska has moved for summary judgment, asserting that based on the contract between Beacon Skanska and McDonald, McDonald "is obligated to defend against any implication of Beacon's interest with respect to this suit." (# 25, p. 4) Beacon Skanska argues that "regardless of where responsibility for the plaintiffs' alleged injuries is finally found to lie, if the duty to defend provision of the subcontract is to have any meaning or effect, M.L. McDonald became contractually required to assume Beacon's defense as soon as a claim was made against Beacon, *i.e.,* upon the filing of the plaintiff's [sic] complaint against it." (*Id.* at p. 6)

McDonald, on the other hand, posits that Beacon Skanska is not entitled to summary judgment because there is not enough proof that McDonald caused Mr. Ferreira's accident-that is, even though "Erick Ferreira was working...within the scope of his responsibilities for Fire Suppression Systems...when the accident occurred, that fact alone does not demonstrate that [McDonald's] action or inaction provoked the mishap." (# 29, pp. 7–8) While the Court does not entirely agree with Beacon Skanska's reasoning, the Court will, for the reasons discussed below, allow Beacon's Skanska's motion for summary judgment.

The Massachusetts Appeals Court recently addressed the correct standard to

be utilized in determining when a subcontractor must indemnify the general contractor:

> the causation standard to be applied to trigger a subcontractor's indemnification obligation in a construction contract is that established by our decision in *Miley v. Johnson & Johnson Orthopaedics, Inc.*, 41 Mass.App.Ct. at 33, 668 N.E.2d 369 [rev. denied, 423 Mass. 1111, 672 N.E.2d 539 (1996)]. Under the *Miley* standard, there must be proof that the subcontractor's action or inaction provoked the mishap. *Ibid.*

*Johnson v. Modern Continental Const. Co., Inc.*, 49 Mass.App.Ct. 545, 548, 731 N.E.2d 96, 99 (2000), rev. denied, 432 Mass. 1109, 737 N.E.2d 468 (2000).

In this case, Beacon Skanska is not seeking indemnification per se but is seeking reimbursement of its defense costs, based on language in the contract (the "contract") it entered into with McDonald. The two clauses in the contract that are relevant for deciding the instant motion state, as follows:

> 11.1 Subcontractor's Performance To the maximum extent permitted by law, the Subcontractor shall indemnify, defend with counsel acceptable to Owner and Contractor, and save harmless the Owner and the Contractor... of and from any and all claims, demands, causes of action, damages, costs, expenses, attorneys' fees, losses or liability, in law or in equity, of every kind and nature including, but not limited to any of the following: (1) Personal injury, including, but not limited to, bodily injury...to persons, including, but not limited to, any employees or agents of the Subcontractor, Owner, Contractor or any other subcontractor...caused or alleged to be caused in whole or in part by any negligent act or omission of the Subcontractor or anyone directly or indirectly employed by the Subcontractor or anyone for whose acts the Subcontractor may be liable regardless of whether such personal injury...is caused in part by a party indemnified hereunder;... [3]

> 11.1.2 The Subcontractor shall: (1) At the Subcontractor's own cost, expense and risk, defend all Claims as defined in Article 11 that may be brought or instituted by third persons,...against the Contractor or the Owner; (2) Pay and satisfy any judgment or decree that may be rendered against the Contractor or the Owner...arising out of any such Claim; and (3) Reimburse the Contractor or Owner...for any and all legal expense incurred by any of them in con-

---

**3.** It is well-established that in Massachusetts a "subcontractor's obligation to indemnify any person for injury to persons or property in a construction contract is subject to the provisions of G.L. c. 149, § 29C, which limits the subcontractor's liability to injury to persons or property 'caused by' the subcontractor, its employees, agents or subcontractors." *Johnson*, 49 Mass.App.Ct. at 546–47, 731 N.E.2d at 98. Any provision in a construction contract that requires the subcontractor to indemnify for injuries or damage " 'not caused by the subcontractor or its employees, agents or subcontractors, shall be void.' " *Miley*, 41 Mass.App.Ct. at 32 n. 6, 668 N.E.2d at 371 n. 6 (quoting M.G.L. c. 149, § 29C). At first glance then, the indemnification provision at issue here would appear to be void because it calls for McDonald to indemnify Beacon Skanska even if the injury or damage was caused in part by an entity that is indemnified under the contract, that is, even if the injury or damage could not be said to be caused in whole by McDonald or its agents, employees or subcontractors. Such a provision is not, however, void because "Chapter 149, § 29C does not prohibit contractual indemnity agreements where the subcontractor agrees to assume indemnity obligation for the entire liability when both the subcontractor and the general contractor are causally negligent." *McSweeney v. Sears Dev't Co.*, No. CA9702282F, 2000 WL 1511654, *2 (Mass.Super., Sept. 19, 2000).

nection herewith or in enforcing the indemnity granted in this Article 11.

(# 25, Ex. 4) (emphasis added)

A duty to defend is "independent of the underlying obligation to indemnify." *Miley*, 41 Mass.App.Ct. at 34, 668 N.E.2d at 372 (citing *Herson v. New Boston Garden Corp.*, 40 Mass.App.Ct. 779, 786–787, 667 N.E.2d 907 (1996), rev. denied, 423 Mass. 1108, 671 N.E.2d 951 (1996)); see also *McSweeney*, 2000 WL 1511654 at *4 (citing *Miley*, 41 Mass.App.Ct. at 32–34, 668 N.E.2d 369) ("a contractual agreement to indemnify which includes a hold harmless provision and the payment of expenses, including legal fees, still does not impose an independent duty to defend."); *Dembeck v. Hamilton Co., Inc.*, No. 950208A, 1998 WL 1181723, *2 (Mass.Super., Oct. 14, 1998)("A duty to defend clause within an indemnification agreement is independent of and broader than the duty to indemnify.").

In the case at bar, it is clear that there is an explicit duty to defend provision–Article 11.1.2–which states that McDonald shall defend Beacon Skanska for all claims brought by third parties and shall reimburse Beacon Skanska for all legal costs incurred in connection with defending the claims of third parties or in enforcing the indemnity provision. This clause in and of itself does not, however, end the story. The Miley court explained the rule regarding duty to defend clauses: "[e]ven if expressed in the contract language, a duty to defend may not be called upon unless the underlying complaint states a claim that some action or inaction of the subcontractor was connected to the damage or injury alleged...." 41 Mass.App.Ct. at 33, 668 N.E.2d at 372. See also *Dembeck*, 1998 WL 1181723 at *2, quoting *Miley*, 41 Mass.App.Ct. at 34, 668 N.E.2d 369 ("A duty to defend in an indemnification clause 'may not be called upon unless the underlying complaint states a claim that some

action or inaction of the [indemnitor] was connected to the damage or injury alleged.' ").

Thus, in order for McDonald's duty to defend to apply, the plaintiffs' complaint must state a claim that some action or inaction by McDonald was connected to the injury alleged. There need not be definitive proof that McDonald caused Mr. Ferreira's injuries, only some allegation in the complaint that McDonald did something or failed to do something that was related to the injuries to Mr. Ferreira.

Even a cursory review of the Amended Complaint in this case reveals that it does indeed state a claim that McDonald's actions were connected to Mr. Ferreira's injuries. Specifically, the Amended Complaint alleges:

"employees of M.L. McDonald Sales Company, Inc. were working at the job site installing insulation as a subcontractor of defendant Beacon Skanska Construction Company," (¶ 9)

"On June 29, 1999, there was insulation scattered on the ground at the job site so as to create a hazardous condition for workers at the job site," (¶ 22)

"Defendant M.L. McDonald Sales Company, Inc. had or, with exercise of proper care, should have had, reasonable notice of the aforesaid unsafe condition, (¶ 23)"

"Defendant M.L. McDonald Sales Company, Inc. was under a duty to keep the job site free from defects or obstacles, which duty included but was not limited to posting or otherwise notifying the plaintiff and/or other individuals in the plaintiff's position of the existence of dangerous and hazardous conditions," (¶ 24)

"On June 29, 1999, defendant M.L. McDonald Sales Company, Inc., by its negligent, willful or reckless breach of those duties previously set forth caused an

unreasonable risk to those likely or intending to use the premises, including the plaintiff," (¶ 25)

"As a proximate result of the negligence, recklessness or willfulness of defendant M.L. McDonald Sales Company, Inc. and/or its agents, representatives or employees, the plaintiff, while walking on the job site and carrying a heavy pipe, tripped on the insulation scattered on the ground and fell," (¶ 27)

"As a result of the fall, the plaintiff was severely injured...." (¶ 28)

Hence, the inevitable conclusion is that the Amended Complaint does state a claim that McDonald's actions in leaving the insulation on the floor (or inaction in failing to clean it up)[4] were connected to Mr. Ferreira's injuries, and thus McDonald does have a duty to defend Beacon Skanska and reimburse Beacon Skanska for the costs it incurred in defending against the plaintiffs' lawsuit. See Level 3 *Communications v. MCI Worldcomm*, No. 995641, 2001 WL 914892, *10 (Mass.Super., July 2, 2001) (granting summary for general contractor, holding that subcontractor had a duty to defend because "complaint alleges that [subcontractor's] conduct contributed to plaintiff's injury.") Beacon Skanska is, therefore, entitled to summary judgment.

## IV. CONCLUSION

For the aforementioned, it is hereby ORDERED that the Motion of Beacon Skanska Construction Co. for Summary Judgment (# 24) be, and the same hereby

is, ALLOWED. Counsel shall agree on the form of a judgment for the Court to enter in conformity with this ruling and submit same to the Court on or before the close of business on Wednesday, January 7, 2004.

---

4. It is of no import that the Amended Complaint makes nearly identical allegations against Beacon Skanska. The case law instructs that the duty to defend is implicated when the complaint states a claim that the subcontractor actions or inactions were connected to the plaintiff's injuries; the law does not require that the complaint state a claim only against the subcontractor. Thus, the fact that similar claims were stated against both McDonald and Beacon Skanska does not nul-

lify McDonald's duty to defend. As an aside, the Court notes that Mr. Ferreira, in his Answers to Interrogatories Propounded by Defendant M.L. McDonald Sales Company, Inc., stated that he believed that "the insulation that caused my fall was left on the floor by employees or agents of defendant M.L. McDonald Sales Company, Inc." (# 25, Ex. 3, Response to Interrogatory No. 11). He makes no similar statement regarding Beacon Skanska.