■ ARCHSTONE et al., Plaintiffs, v TOCCI BUILDING CORPORATION OF NEW JERSEY, INC., Defendant/Third-Party Plaintiff-Appellant, et al., Defendants. UNIVERSAL FOREST PRODUCTS, Third-Party Defendant-Respondent, et al., Third-Party Defendants. (And Other Third-Party Actions.) [959 NYS2d 497]—

This appeal is one of several involving water intrusion and damage at a newly constructed apartment complex (*see Arch-*

*stone v Tocci Bldg. Corp. of N.J., Inc.*, 101 AD3d 1059 [2012];
*Archstone v Tocci Bldg. Corp. of N.J., Inc.*, 101 AD3d 1062 [2012]
[both decided herewith]). The plaintiffs, the owners of the apart-
ment complex, commenced this action against the general
contractor, Tocci Building Corporation of New Jersey, Inc. (here-
inafter Tocci), alleging that severe water intrusion required
them to reconstruct the buildings, terminate certain leases, and
defend against personal injury and property claims brought by
the apartment complex's tenants. Tocci asserted third-party
claims against, among others, Universal Forest Products (here-
inafter Universal), the manufacturer of the exterior wall panels
for the buildings, alleging, inter alia, that Universal breached
its contractual warranty by delivering wall panels that had gaps
between the sheets of oriented strand board on individual panels
which were wider than the gaps allowed in the contract docu-
ments, and that the breach contributed to the water damage at
the project. Tocci interposed third-party causes of action to re-
cover damages for breach of contractual warranty and for
common-law and contractual indemnification, and also re-
quested declaratory relief. Universal moved for summary judg-
ment dismissing the causes of action in the amended third-
party complaint to recover damages for breach of contractual
warranty and for common-law and contractual indemnification
insofar as asserted against it, and, in effect, declaring that it is
not obligated to defend and indemnify Tocci in the main action.
The Supreme Court granted the motion and Tocci appeals.

The contract between Tocci and Universal provides that it is
to be governed by the law of the place where Tocci's principal
office is located, which the parties agree is Massachusetts. The
contract was for the sale of goods, and thus governed by article
2 of the Massachusetts Uniform Commercial Code (hereinafter
the Massachusetts UCC), which is codified in chapter 106 of the
General Laws of Massachusetts (*see* Mass Gen Laws Ann, ch
106, §§ 2-102, 2-106 [1]). Where a tender of goods has been ac-
cepted, "the buyer must within a reasonable time after he
discovers or should have discovered any breach notify the seller
of breach or be barred from any remedy" (Mass Gen Laws Ann,
ch 106, § 2-607 [3] [a]). The terms of the Massachusetts UCC
may be varied by the parties by agreement (*see* Mass Gen Laws
Ann, ch 106, § 1-102 [3], [4]). Here, however, the contract does
not explicitly disclaim or vary the notice requirement of section
2-607 of the Massachusetts UCC, which therefore applies (*see
Brewster Wallcovering Co. v Blue Mt. Wallcoverings, Inc.*, 68
Mass App Ct 582, 596 n 35, 864 NE2d 518, 532 [2007]).

Tocci first gave notice to Universal of the alleged breach of

warranty and its intent to assert legal rights regarding it more than two years after the final delivery of wall panels to the project site, and after they had been installed. This notice was unreasonable as a matter of law. "Qualities that are apparent, such as size or color, reasonably should be inspected and complained of soon after the goods for a construction job have been delivered to the job site" (*P & F Constr. Corp. v Friend Lumber Corp. of Medford*, 31 Mass App Ct 57, 60, 575 NE2d 61, 64 [1991]). Accordingly, having failed to comply with the notice provision of the Massachusetts UCC, Tocci is "barred from any remedy" (Mass Gen Laws Ann, ch 106, § 2-607 [3] [a]).

Moreover, the Supreme Court properly determined that Universal established its prima facie entitlement to judgment as a matter of law by demonstrating that the wall panels were not designed to be impermeable to water, and thus any damages which may be incurred by Tocci did not result from any breach on its part (*see* Mass Gen Laws Ann, ch 106, §§ 2-714, 2-715). In opposition, Tocci failed to raise a triable issue of fact as to whether the alleged gaps proximately caused any of the water damage (*see* Mass Gen Laws Ann, ch 106, § 2-715 [2] [b]; *Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 384 [2004]), or that it incurred any other damages attributable to the alleged breach.

Tocci's remaining contentions are without merit.

The Supreme Court therefore properly granted those branches of Universal's motion which were for summary judgment dismissing the causes of action to recover damages for breach of contractual warranty and for common-law and contractual indemnification insofar as asserted against it, and, in effect, declaring that it is not obligated to defend and indemnify Tocci in the main action (*see* Mass Gen Laws Ann, ch 149, § 29C; *Spellman v Shawmut Woodworking & Supply, Inc.*, 445 Mass 675, 680, 840 NE2d 47, 51-52 [2006]; *Johnson v Modern Cont. Constr. Co., Inc.*, 49 Mass App Ct 545, 547-549, 731 NE2d 96, 98-100 [2000]).

Since Tocci, in part, sought declaratory relief, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that Universal is not obligated to defend and indemnify Tocci in the main action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Angiolillo, J.P., Dickerson, Leventhal and Chambers, JJ., concur.